UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, LIVANOS RESTAURANT INC., MODERNE BARN, ARMONK, INC., NEW OCEANA RESTAURANT CORP., GREAT FOOD 57TH ST LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, and LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>~ *against* ~<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, and MICHAEL MCCARTHY<br><br>Defendants. | Case No.: 22-cv-1408 (CS) |

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Confidentiality Stipulation and Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties to each other by mutual agreement or in response to discovery requests, or by third parties in connection with the pre-trial phase of this action:

970446v2

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Each page that contains information designated by a party as Confidential Information will be stamped "CONFIDENTIAL" after review by an attorney for the designating party.

2.      Mass, indiscriminate, or routinized designations, including designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), shall not be permitted.

3.      If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation and reproduce without confidential designation or markings any documents or information that was previously designated for protection.

4.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The parties, including any members, officers, directors, and employees;

    b.    Legal counsel representing the parties (including in-house counsel), and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

970446v2

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) and its personnel;

    e.    Court reporters and their staff;

    f.    Witnesses, potential witnesses, and/or deponents and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this litigation.

7.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

8.    Prior to disclosing or displaying the Confidential Information to any person listed in Paragraphs 6(c) or 6(f), counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.    The inadvertent or unintentional disclosure in this litigation of a document or information without designating it as "CONFIDENTIAL" shall not, standing alone, constitute a waiver of the right to designate such document or information as Confidential Information. Such inadvertent or unintentional disclosure in this litigation may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as Confidential Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Information. Any document newly designated as containing Confidential Information shall be re-produced in accordance with Paragraph 1 of this Order. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

10.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11.    The following information shall not be deemed or considered to be Confidential Information: (i) information that is in the public domain, (ii) information which was previously disclosed by the producing party to anyone not in the producing party's employment or to those retained by it, (iii) information which is already known by the receiving party through proper

3

means, and (iv) information which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis.

12. Nothing herein shall limit any party or person in the use of its own documents, things or information for any purpose, or from disclosing or consenting to the disclosure of its own Confidential Information to any person.

13. At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain Confidential Information. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit Confidential Information. Transcripts will be treated as confidential for this 10-day period unless otherwise agreed upon by the parties. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.

14. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: February 16, 2023

Counsel for the Parties:

| | |
|---|---|
| **WITTELS MCINTURFF PALIKOVIC** | **DAVIDOFF HUTCHER & CITRON LLP** |
| By: /s/ J. Burkett McInturff<br>J. Burkett McInturff (JM-4564)<br>Steven L. Wittels (SW-8110)<br>Ethan D. Roman (ER-5569)<br>305 BROADWAY, 7TH FLOOR<br>NEW YORK, NEW YORK 10007<br>Telephone: (917) 775-8862<br>Facsimile: (914) 775-8862<br>jbm@wittelslaw.com<br>slw@wittelslaw.com<br>edr@wittelslaw.com<br><br>*Attorneys for Plaintiffs and the Proposed Class* | By: /s/ Peter M. Ripin<br>Peter M. Ripin (PR-6950)<br>Benjamin Noren (BN-1984)<br>605 THIRD AVENUE, 34TH FLOOR<br>NEW YORK, NEW YORK 10158<br>Telephone: (212) 557-7200<br>Facsimile: (212) 286-1884<br>pmr@dhclegal.com<br>bn@dhclegal.com<br><br>*Attorneys for Defendants* |

SO ORDERED

*Cathy Seibel*                    2/16/23

_____
CATHY SEIBEL
United States District Judge

970446v2

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20____

_____          _____
Name (printed)                                            Signature

Signed in the presence of:

_____
(Attorney)