

DAVIDOFF HUTCHER & CITRON LLP
ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

March 27, 2023

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC***;
              **Case No. 7:22-cv-01408-CS-AEK**

Dear Magistrate Krause:

      On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write in response to Plaintiffs' letters to Judge Seibel, dated March 20, 2023, seeking "discovery on discovery". These requests are designed to drive up costs, create undue burden and impose disproportionate and unnecessary discovery on Defendants. Accordingly, the requests should not be permitted.

      Plaintiffs' document request numbers 20-28 (entitled "Record-Keeping Procedures and ESI Documents") and interrogatory numbers 3-4, 6-15 seek "discovery on discovery", i.e., documents and information that are not directly relevant to a claim or defense but that are, instead, collateral. These requests seek information concerning Manhattan Beer's document retention policy (RFP No. 20); system schematics, network topology, system restart procedures and disaster recovery plan (RFP No. 21); email systems including the format of preserved but inaccessible emails and the total number of email accounts and the number of emails in each account (RFP No. 22; Interrogatory No. 13); forms of communication (Interrogatory No. 12); portable electronic devices (Interrogatory No. 14); potentially relevant data stored with third party providers (Interrogatory No. 15); information technology systems including the use of loose or removable media, corporate level file shares and networks such as Ethernet, token-ring

972997

**DAVIDOFF HUTCHER & CITRON LLP**

March 27, 2023
Page 2

or network interface cards (RFP No. 23; Interrogatory No. 9); personnel with access to the file shares (Interrogatory No. 10); personnel responsible for information technology, infrastructure, incident response, data recovery and preservation (RFP No. 24; Interrogatory Nos. 3-4); systems used to track collection of 10-cent deposits (RFP No. 25); metadata of litigation hold documents including identity of hold recipients (RFP No. 26; Interrogatory No. 6); field trees, data maps, dictionaries, or equivalent descriptive documents for all databases, data warehouses, data lakes or similar data stores (RFP No. 27); servers, mainframes, backups or any hard drive that may contain relevant information (Interrogatory No. 8); the number of hard drives preserved and the drives' custodians (Interrogatory No. 11); and all database data, including field trees for all databases that involve or touch on deposit practices (RFP No. 28; Interrogatory No. 7).

"When the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'" *Haroun v. Thoughtworks, Inc.*, No. 20-civ-0100, 2020 WL 6828490, *1 (S.D.N.Y. Oct. 7, 2020) (citations omitted). *See also Powers v. Memorial Sloan Kettering Cancer Center*, No. 20-civ-2625, 2020 WL 6712192, *1 (S.D.N.Y. Nov. 16, 2020) (denying discovery on discovery). As courts have noted, the "producing party is in the best position to 'evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.'". *Winfield v. City of New York*, No. 15-civ-05236, 2017 WL 5664852, *9 (S.D.N.Y. Nov. 27, 2017) (citation omitted). Accordingly, "courts have not micro-managed parties' internal review processes' or "permit[ted] discovery about such process, in the absence of evidence of good cause such as a showing of gross negligence in the review and production process, the failure to produce relevant specific documents known to exist or that are likely to exist, or other malfeasance". *Id.*

Here, Plaintiffs have made no showing of gross negligence or other malfeasance. On the contrary, discovery has just begun and neither side has yet produced any documents. Accordingly, the requests should be denied. *See Haroun v. Thoughtworks, Inc., supra*, 2020 WL 6828490 at *2 (denying requests where plaintiff failed to "identify any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests … Plaintiff can inquire at deposition both about the documents that have been produced and those that have not been produced and can review the document production itself for obvious gaps. If it creates a record, it may have a basis for discovery on discovery. It does not have such a basis now"); *Orillaneda v. French Culinary Institute*, No. 07-civ-3206, 2011 WL 4375365, *8 (Sept. 19, 2011) ("a plaintiff is not entitled to conduct discovery that is solely relevant to the sufficiency of the adversary's document production without first identifying facts suggesting that the production is deficient").

972997

DAVIDOFF HUTCHER & CITRON LLP

March 27, 2023
Page 3

Respectfully yours,

/s/ Peter M. Ripin

Peter M. Ripin

cc: Wittels McInturff Palikovic

972997