

DAVIDOFF HUTCHER & CITRON LLP
ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

May 26, 2023

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re: ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC***;
            **Case No. 7:22-cv-01408-CS-AEK**

Dear Judge Krause:

On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write to address Plaintiffs' request for production of database data without any date restriction based on statute of limitations tolling arguments. For the reasons set forth below, the request should be denied.

Equitable Tolling and Equitable Estoppel

New York courts do not differentiate between equitable estoppel and equitable tolling, including fraudulent concealment, and both doctrines are analyzed in the same manner. *See DuBuisson v. National Union Fire Insurance of Pittsburgh, P.A.*, No. 15-civ-2259, 2021 WL 3141672, *9 n.6 (S.D.N.Y. July 26, 2021); *Corporate Trade, Inc. v. Golf Channel*, 563 Fed.Appx. 841, 841-42 (2d Cir. 2014) ("Although [plaintiff] argues for both equitable estoppel and equitable tolling on appeal, New York law does not distinguish between the doctrines and applies the same analysis"). Both doctrines are "invoked sparingly and only under exceptional circumstances". *Feldman v. Strulovitch*, No. 20-civ-7270, 2022 WL 3447919, *6 (S.D.N.Y. Aug. 17, 2022). *See also Red Mountain Medical Holdings, Inc. v. Brill*, 563 F.Supp.3d 159, 179

977746

May 26, 2023
Page 2

(S.D.N.Y. 2021) (relief afforded under equitable tolling doctrines is considered to be an "extraordinary remedy" and is appropriate "only in rare circumstances").

For equitable tolling to apply, a plaintiff must either plausibly allege that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing. *De Sole v. Knoedler Gallery, LLC*, 974 F.Supp.2d 274, 318 (S.D.N.Y. 2013). A plaintiff may not rely on the same act that forms the basis for the underlying claim; instead, the later fraudulent misrepresentation must be for the purpose of concealing the former tort. *De Sole v. Knoedler Gallery, LLC*, *supra*, 974 F.Supp.2d at 319. Equitable tolling "is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient." *Id*. (citations omitted). A plaintiff must establish that "subsequent and specific actions were taken by defendants, separate from those that provide the factual basis for the underlying cause of action, and that these subsequent actions by defendants somehow kept plaintiff from timely bringing suit". *De Sole v. Knoedler Gallery, LLC*, 137 F.Supp.3d 387, 423 (S.D.N.Y. 2015) (cleaned up) (*citing Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 789 (2012)).

Here, the Second Amended Complaint (the "SAC") alleges that Defendants "hid" an extra 10-cent deposit on 24-bottle cases of beer inside the 5-cent deposit charge required by the Bottle Bill which led customers to believe that the $1.30 deposit charge was "legitimate" when Manhattan Beer was "only authorized by law to collect $1.20 in deposit fees" (ECF No. 30, ¶ 3). In addition, the SAC alleges that "[Plaintiffs] were deceived by fraudulent invoices delivered beginning no later than February 18, 2016" (SAC, ¶ 173).

Based on these allegations, it is clear that the alleged wrong was not "self-concealing". On the contrary, the alleged claim or injury is self-evident based on simple math (24 bottles x $0.05 = $1.20, not $1.30). As such, there is no basis for an estoppel. *See DeSuze v. Ammon,* 990 F.3d 264, 271 (2d Cir. 2021) (equitable tolling only applies "where a plaintiff has been prevented in some extraordinary way from exercising his rights, that is, in a situation where a plaintiff could show that it would have been *impossible* for a reasonably prudent person to learn about his or her cause of action") (emphasis in original) (cleaned up)[1].

In addition, Plaintiffs fail to allege that Defendants took any affirmative steps to prevent discovery of the alleged claim or injury. Instead, the alleged "concealment" of the 10-cent deposit is the "very same" alleged misconduct on which Plaintiffs' claims are based. *Noskov v. Roth*, No. 19-civ-7431, 2020 WL 4041125, *7 (S.D.N.Y. July 17, 2020). The SAC nowhere alleges, and Plaintiffs have not otherwise asserted, that Defendants "engaged in some *subsequent* wrongdoing, separate from their initial misconduct". *Id*. (emphasis in original). *See Corporate*

---

[1] Significantly, it is undisputed that numerous other similarly situated customers returned cardboard boxes to Manhattan Beer for a full refund of the 10-cent deposit.

977746

*Trade, Inc. v. Golf Channel*, *supra*, 563 Fed.Appx. at 842 ("Because the act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action, equitable estoppel is not applicable in this case") (cleaned up).

In short, Plaintiffs' assertion that customers that "stopped doing business with Manhattan Beer before 2016 can use both equitable estoppel and fraudulent concealment tolling" to obtain discovery of "all available potential Class Member data from past to present" (ECF No. 90, pp. 1-2) is plainly erroneous. Plaintiffs' reliance on *In re U.S. Foodservice Inc. Pricing Litigation*, 729 F.3d 108 (2d Cir. 2013), is also misplaced. In that case, the Court expressly noted that the record contained "generalized proof of [defendant's] *concealment* of its [allegedly fraudulent] billing practices" including establishing shell companies ("VASPs") to "earn [alleged] promotional allowance rebates" and "*hide [these rebates] from clients' auditors*". *Id*. at 120 (emphasis in original); *id*. ("[T]here is evidence that [defendant] actually took steps to conceal the VASP system from its customers").

Continuing Violations Doctrine

Plaintiffs assert that a post-2016 putative class member can recover for earlier charges under the continuing violations doctrine (ECF No. 90, p. 1). However, "'[a]s a general rule, courts in the Second Circuit view continuing violation arguments with disfavor,' and do not apply it unless there are 'compelling circumstances.'". *Gunn v. Aquafredda*, No. 19-civ-10039, 2021 WL 3115488, *6 (S.D.N.Y. July 21, 2021) (citation omitted); *id*. ("That doctrine does not apply to discrete unlawful acts, even where those discrete acts are part of a serial violation"). *See also Corsini v. City of New York*, No. 20-civ-5459, 2021 WL 5999631, *8 n.13 (E.D.N.Y. Dec. 20, 2021) (noting that continuing violation doctrine is "usually applied in the context of Title VII claims" and "has generally only been extended in allegations involving discrimination"). Here, Plaintiffs failed to identify any compelling circumstances. Accordingly, the continuing violations doctrine should not be applied to toll the statute of limitations.[2]

Even assuming, *arguendo*, that the continuing violations doctrine was applicable, any production of pre-2016 database data should be limited to post-2016 putative class members. *See Corsini v. City of New York*, *supra*, 2021 WL 5999631 at *8 ("Under the continuing violation doctrine, a plaintiff may bring claims that would otherwise be barred by the statute of limitations provided that an act contributing to that violation took place within the statutory time period") (cleaned up). Indeed, Plaintiffs do not dispute this point (*see* ECF No. 90, p.1) ("a [putative] Class Member *that was a customer during the baseline [post-2016] period* can recover for earlier charges under the continuing violations theory") (emphasis added).

---

[2] In *Stanley v. Direct Energy Services, LLC*, 466 F. Supp.3d 415 (S.D.N.Y. 2020), a case relied upon by Plaintiffs, the Court held that the continuing violations doctrine tolled the three-year statute of limitations under N.Y. Gen. Bus. Law § 349 based on a series of allegedly deceptive acts (*id*. at 432). In contrast, here, the 10-cent deposit was clearly identifiable through a simple computation.

977746

DAVIDOFF HUTCHER & CITRON LLP

May 26, 2023
Page 4

      For all of the foregoing reasons, Plaintiffs' request for production of database data without any date restriction should be denied.

                                      Respectfully yours,

                                      /s/ Peter M. Ripin

                                      Peter M. Ripin

cc:  Wittels McInturff Palikovic

977746