

July 20, 2023

<u>Via ECF</u>
The Hon. Andrew E. Krause
United States District Court
300 Quarropas St.
White Plains, NY 10601

Re:   *Cap 111 Enters. LLC v. Manhattan Beer Distrib., LLC*, No. 22 Civ. 1408 (CS) (AEK)

Dear Judge Krause,

Plaintiffs 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC ("VS Plaintiffs") hereby respond to Defendants' pre-motion letter seeking to compel the VS Plaintiffs to collect and search the personal email accounts of four VS Plaintiff personnel.  As discussed below, our firm determined through a reasonable inquiry that collecting and searching these accounts is not proportional to the needs of the case and will unnecessarily increase the cost discovery with little to no added benefit.  Specifically, and as advised in writing to Defendants, we "have been unable to locate responsive discovery in these individuals' custodial ESI" and therefore withdrew them as ESI custodians.  ECF No. 119-3 (email from E. Roman).  Plaintiffs have already collected ESI from five other VS Plaintiff data sources, including four email accounts.  The collection of five other data sources from the VS Plaintiffs is more than sufficient at this stage and constitutes an expansive search considering the importance of Plaintiffs' ESI to the issues at stake in the action.  Collecting four more personal email accounts is disproportionate.

In refusing to accept Plaintiffs' counsel's good faith conclusions regarding the VS Plaintiffs' ESI sources that are most likely to contain responsive discovery, Defendants demand "discovery on discovery," and without demonstrating any deficiencies whatsoever insist that their judgment be substituted for Plaintiffs' counsel's.  Worse, Defendants' letter misrepresents the record and omits key information—including that the parties have yet to produce any ESI.  Defendants' request would also ***double*** Plaintiffs' document review costs.  Finally, and at best, Defendants' request is premature—again, the parties have not yet produced any ESI nor conducted any depositions.  For these and the other reasons set forth below, the Court should deny Defendants' application.

1. **Plaintiffs' Investigation Determined It Is Not Proportional to Collect, Search, and Review the Four Personal Email Accounts at Issue.**

Plaintiffs initially identified Joe Bueti, Frank Bueti, Miguel Jarro, and Destiny Conveniencia as persons with knowledge of the 10-cent fee challenged by this litigation.  *See* ECF No. 119-1 at 3–4.  But their personal email accounts were only identified in response to a defense interrogatory that sought email accounts used "in conducting ***any aspect*** of Plaintiffs' operations."  ECF No. 119-2 at 3 (emphasis added).[1]  This interrogatory thus sought the identification of email accounts that could have little to no responsive information.

---

[1] Defendants are thus wrong when they claim that "Plaintiffs made clear that the accounts likely contain responsive materials." ECF No. 119 at 3.

Consistent with our broad discovery approach, Plaintiffs' counsel then included these four email accounts in our May 22 identification of potentially relevant ESI sources. ECF No. 103. However, just four weeks later my office learned from additional custodial interviews that two of the four personal email accounts (Miguel Jarro and Destiny Conveniencia) were not used in connection with any activity that would generate responsive discovery. As for Joe Bueti and Frank Bueti's personal email accounts, we similarly learned that they did not use these accounts in ways likely to result in responsive communications. Nevertheless, considering that Joe Bueti owns the restaurant group and Defendants produced a document showing that they have Frank Bueti's email on file, Plaintiffs' counsel determined that running native keyword searches (using far broader terms than the parties' proposals, *compare* ECF No. 119 at 2 n.2, *with* **Ex. A** (Pls.' Initial Search Term Report; and **Ex. B** (Defs.' Add'l Proposed Search Terms)) would allow us to determine if these accounts contained responsive emails. I then personally conducted the searches and reviewed the results and did not locate any responsive emails. Weighing the value of these four personal email accounts against the four other VS Plaintiff email accounts we collected—including two employees in financial roles that paid Manhattan Beer's invoices and two other restaurant managers (including Ms. Conveniencia's supervisor)—we determined that collecting, searching, and reviewing four additional personal email accounts was not proportional and promptly informed Defendants.

## 2. A Requesting Party May Not Impose Custodians Without Cause.

As Defendants well know: "[T]he responding party is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals" and that "[u]nless that choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should play no role in dictating the design of the search, whether in choosing search tools, selecting search terms, or, as here, designating custodians." *Mortg. Resol. Serv'g., LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 293 (LTS) (JCF), 2017 WL 2305398, at *2–3 (S.D.N.Y. May 18, 2017). Moreover, Defendants must show that these four personal email accounts contain not only relevant information, but "*unique* relevant information not already obtained." *Fort Worth Emps.' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (emphasis in original). Defendants have made no such showing here. Nor could they, as the parties have not yet begun producing ESI collected from email accounts.[2]

## 3. Proportionality Weighs Strongly in Plaintiffs' Favor.

Defendants offer two flawed proportionality arguments. First, they assume an ESI consultant is needed to substantiate the costs of adding custodians. ECF No. 119 at 2. The law does not say that, and more importantly, it does not make sense. The overwhelming majority of the costs of adding these four additional email accounts is the cost of attorney review. As a rule of thumb, attorneys review approximately 50 documents per hour. *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 645 (S.D.N.Y. 2019). The five email accounts Plaintiffs collected thus far contain approximately 417,000 documents, with 2,706 unique hits in Plaintiffs' initial proposal. **Ex. A**. Defendants' additional terms contain 8,709 unique hits. **Ex. D** (Pls.' Search Term Report with

---

[2] Highlighting the imprudence of Defendants' demand here, just yesterday Defendants made this exact same argument in response to Plaintiffs' request to collect additional email accounts, writing the "proposal is clearly premature and Plaintiffs should wait until Defendants' search-based review and production begins before Plaintiffs arbitrarily attempt to impose additional custodian collection obligations on Defendants." **Ex. C** at 1 (email from E. Przybylko).

Defs.' Add'l Terms).  If the parties meet somewhere in the middle, Plaintiffs will need about 110 attorney hours at a cost of roughly $60,000 for attorney review.  Assuming the new accounts are of similar size, Defendants' demand would *double* Plaintiffs' review burden before ESI discovery has begun.[3]  Doubling Plaintiffs' costs for email accounts that were determined to have little to no responsive ESI is not proportional, especially when Defendants have not demonstrated any deficiency in Plaintiffs' production and are taking the exact same position on Plaintiffs' request to add custodial ESI accounts.

Defendants' second argument omits all proportionality factors other than the amount in controversy.  *Compare* Fed. R. Civ. P. 26(b)(1), *with* ECF No. 119 at 3.  But the remaining factors heavily favor Plaintiffs.  On the needs of the case, the importance of the issues at stake, and the parties' relative access to relevant information, discovery in this case centers on Defendants' conduct toward the Class.  Conversely, Plaintiffs' personal email accounts will be minimally relevant, if at all.  In fact, Defendants' only rationale to date for their ESI discovery is that it will show Plaintiffs knowingly paid the 10-cent fee that was hidden among state-mandated deposit charges.  But as Judge Seibel observed at the October 6, 2022 pre-motion conference, if the inflated charge is "just hidden in the . . . invoice as though it's authorized by the Bottle Bill, then I think [Defendants have] got a problem."  ECF No. 49-1 at 15:8–22.  When defense counsel explained that the undisclosed charge was supposedly a deposit for the beer's cardboard wrapper—a charge not permitted by the Bottle Bill nor disclosed on the invoice—Judge Seibel noted "honestly, whoever heard of a deposit on a cardboard box?  It's not like a keg. . . .  It just sounds to me like unless there is documentation and transparency about the quote-unquote deposit on the cardboard box, in the long run, the defendants are going to have a problem, and if they are going to have a problem in the long run, maybe it makes sense to try to resolve [this case] in the short run[.]"  *Id.* at 15:21–16:4.  This "documentation and transparency" is in Defendants' possession, not Plaintiffs'.  The parties' resources also differ vastly: Manhattan Beer is a billion-dollar company and the VS Plaintiffs are small restaurants.  Also omitted from Defendants' letter is that proportionality includes overbreadth and harassment.  Defendants' true purpose is to wear the VS Plaintiffs down by forcing them to turn over the contents of four personal email accounts—that is why their personal nature is relevant to proportionality.[4]  Defendants' demand is not proportional.

**4.  <u>Defendants Ignore the Iterative Nature of ESI Discovery.</u>**

Discovery is iterative.  Parties do not (and cannot) know the full extent of discoverable information at the early discovery planning stages.  As parties investigate, ESI custodians may be added or subtracted as information emerges.  The Advisory Committee recognized this in its notes to the 2015 amendments to Rule 26: "parties may begin discovery without a full appreciation of the factors that bear on proportionality."  Defendants' approach disincentivizes an open discussion, thus discouraging cooperation and transparency.  Because (1) Plaintiffs' counsel's judgment based on our reasonable inquiry is entitled to deference; (2) Defendants have failed to identify any deficiencies; and (3) ESI productions have not yet begun, Defendants' request should be denied.

---

[3] This is a conservative estimate because the one personal email account we collected contained over 275,000 documents.  ECF No. 119-3 at 3.  If the four additional accounts are similarly sized, this would *triple* Plaintiffs' costs.

[4] Defendants' cites to two cases where personal emails were collected are irrelevant.  Personal email accounts are not *per se* out of bounds and indeed, Defendants recognize that we are searching a personal email account. ECF No. 119 at 3.  But collecting and searching personal email accounts unlikely to have relevant information is not proportional.

Thank you for Your Honor's attention to this matter.

                                        Respectfully Submitted,

                                        /s/ Steven L. Wittels
                                              Steven L. Wittels

                                        *Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record (*via ECF*)