# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, LIVANOS RESTAURANT INC., MODERNE BARN, ARMONK, INC., NEW OCEANA RESTAURANT CORP., GREAT FOOD 57TH ST LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY,<br><br>Defendants. | Civil Case No.: 22 Civ. 1408 (CS) (AEK) |

**PLAINTIFFS' REVISED RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiffs Cap 111 Enterprises LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC ("Plaintiffs") hereby respond and object to Defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson, and Michael McCarthy's (together, "Defendants") Third Set of Requests for the Production of Documents dated June 1, 2023 ("Requests"). The responses and objections set forth herein are based upon the information presently known and/or available to Plaintiffs and shall not be construed as an admission or representation that further information or documents relevant to

the subject matter of this action do not exist. Plaintiffs will amend their responses and objections when warranted under FED. R. CIV. P. 26(e).

Plaintiffs reserve the right to make use of information or documents not known at this time, including, but not limited to, information or documents obtained in the course of discovery. Plaintiffs are willing to meet and confer with Defendants regarding the scope and relevance of the Requests and the timing and procedure for Plaintiffs' responses and/or further objections thereto, if necessary.

Except for facts expressly admitted herein, if any, no implied admissions are intended by Plaintiffs' responses and objections. The fact that Plaintiffs have answered or objected to any Request or part thereof should not be construed to be an admission that Plaintiffs accept or admit the existence of any responsive documents or information set forth or assumed by such Requests or that such response or objection constitutes admissible evidence. None of Plaintiffs' responses are to be construed as an admission that any definition, phrasing, assumption or characterization of fact set forth in the Requests is either factually correct or legally binding upon Plaintiffs. Plaintiffs reserve the right to object to the introduction into evidence of any of the information provided in response to the Requests.

Plaintiffs' search for documents is limited to the extent the information sought is protected by the attorney-client privilege and work-product doctrine. The assertion of these privileges includes, without limitation, information requested which relates to or concerns mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Plaintiffs concerning the litigation. Inadvertent disclosure of privileged documents or information is not intended to be, and may not be construed as, a waiver of any applicable privilege or other reason for non-production.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits paid by Plaintiffs to Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes prior to January 1, 2016.

**Response to Request No. 1:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 2:**

Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits refunded to Plaintiffs by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes prior to January 1, 2016.

**Response to Request No. 2:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 3:**

Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits paid by Plaintiffs to beverage distributors other than Manhattan Beer for cardboard boxes prior to January 1, 2016.

**Response to Request No. 3:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers. Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from beverage distributors other than Manhattan Beer, and QuickBooks reports regarding beverage distributors other than Manhattan Beer like those Plaintiffs already produced bearing Bates numbers MBPLS000000198–219.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 4:**

Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits refunded to Plaintiffs by beverage distributors other than Manhattan Beer for cardboard boxes prior to January 1, 2016.

**Response to Request No. 4:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers. Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from beverage distributors other than Manhattan Beer, and QuickBooks reports regarding beverage distributors other than Manhattan Beer like those Plaintiffs already produced bearing Bates numbers MBPLS000000198–219. Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 5:**

Documents sufficient to identify beverage distributors other than Manhattan Beer from which Plaintiffs purchased bottled beverages. This request has no time limit.

**Response to Request No. 5:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist, sufficient to identify beverage distributors other than Manhattan Beer from whom Plaintiffs purchased beverages.

**Request for Production No. 6:**

Exemplars of invoices received by Plaintiffs from beverage distributors other than Manhattan Beer sufficient to identify such distributors' method(s) of invoicing Plaintiffs for purchases of bottled beverages and/or cardboard boxes. This request has no time limit.

**Response to Request No. 6:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce exemplar invoices in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist, for purchases from beverage distributors other than Manhattan Beer.

**Request for Production No. 7:**

Documents concerning Plaintiffs' return, sale, transfer or other disposition of beverage containers (excluding kegs) and/or cardboard boxes received from Manhattan Beer prior to January 1, 2016.

6

**Response to Request No. 7:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 8:**

Contracts between Plaintiffs and Manhattan Beer prior to January 1, 2016.

**Response to Request No. 8:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 9:**

Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 9:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 10:**

Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 concerning deposits refunded by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 10:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 11:**

Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 relating to Manhattan Beer's invoices.

**Response to Request No. 11:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 12:**

Communications between Plaintiffs prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 12:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 13:**

Internal communications between Plaintiffs' respective agents and/or employees prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 13:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 14:**

Documents prior to January 1, 2016 concerning deposits charged by Manhattan Beer for cardboard boxes.

**Response to Request No. 14:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 15:**

Documents prior to January 1, 2016 concerning Plaintiffs' return of empty beverage containers (excluding kegs) and/or cardboard boxes to Manhattan Beer.

**Response to Request No. 15:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from Manhattan Beer. Subject to the foregoing

limitation, Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 16:**

Documents prior to January 1, 2016 concerning how, and when, Plaintiffs discovered Manhattan Beer's deposit charges for cardboard boxes.

**Response to Request No. 16:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 17:**

Documents prior to January 1, 2016 concerning Plaintiffs' understanding of deposit charges contained on Manhattan Beer's invoices.

**Response to Request No. 17:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 18:**

Documents prior to January 1, 2016 concerning Plaintiffs' objections to Manhattan Beer's deposit charges for cardboard boxes.

**Response to Request No. 18:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 19:**

Correspondence between Plaintiffs and any third-party prior to January 1, 2016 concerning deposit charges by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 19:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 20:**

Correspondence between Plaintiffs and any third-party prior to January 1, 2016 concerning deposit refunds by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 20:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 21:**

Correspondence or documents prior to January 1, 2016 concerning communications and/or actions taken by Plaintiffs as a direct and proximate result of Plaintiffs learning of the deposit charges by Manhattan Beer for cardboard boxes.

**Response to Request No. 21:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 22:**

Correspondence or documents prior to January 1, 2016 concerning attempts by Plaintiffs to return or sell cardboard boxes provided to Plaintiffs by beverage distributors other than Manhattan Beer.

**Response to Request No. 22:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers. Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude invoices for purchases from beverage distributors other than Manhattan Beer, and QuickBooks reports regarding beverage distributors other than Manhattan Beer like those Plaintiffs already produced bearing Bates numbers MBPLS000000198–219. Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 23:**

Complaints, in whatever form (written or oral), sent by Plaintiffs to Manhattan Beer prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

**Response to Request No. 23:**

Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 24:**

Documents concerning Plaintiffs' knowledge of the existence of the Bottle Bill, the deposit(s) provided for therein, and/or the amount of such deposit(s). This request has no time limit.

**Response to Request No. 24:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 25:**

Correspondence between Plaintiffs regarding the Bottle Bill. This request has no time limit.

**Response to Request No. 25:**

Plaintiffs object to this Request on the ground that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 26:**

Database data, including point of sale data maintained by Plaintiffs, concerning payment or refund of deposits on beverage containers or cardboard boxes paid to or received from Manhattan Beer. This request has no time limit.

**Response to Request No. 26:**

Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude documents regarding Plaintiffs' credit cards or other forms of payment to Manhattan Beer, receipts provided to Plaintiffs' customers, and invoices for purchases from Manhattan Beer.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control. Plaintiffs produced all documents in their possession, custody, or control that are responsive to this Request in the form of QuickBooks reports bearing Bates numbers MBPLS000000198–219.

**Request for Production No. 27:**

Database data, including point of sale data maintained by Plaintiffs, concerning payment or refund of deposits on beverage containers or cardboard boxes paid to or received from beverage distributors other than Manhattan Beer. This request has no time limit.

**Response to Request No. 27:**

Plaintiffs object to this Request on the grounds that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers. Based on the agreement of the parties reached during meet and confers, Plaintiffs are

construing this Request to exclude documents regarding Plaintiffs' credit cards or other forms of payment to beverage distributors other than Manhattan Beer, receipts provided to Plaintiffs' customers, invoices for purchases from beverage distributors other than Manhattan Beer, and QuickBooks reports like those Plaintiffs already produced regarding Manhattan Beer bearing Bates numbers MBPLS000000198–219.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 28:**

Database data concerning amounts received by Plaintiffs for redemption of beverage containers from any source, including Manhattan Beer, beverage distributors other than Manhattan Beer, redemption centers or reverse vending machines. This request has no time limit.

**Response to Request No. 28:**

Plaintiffs object to this Request on the grounds that it contains no time limit, as the relevant documents in Plaintiffs' possession, custody or control that bear on either party's claims or defenses in this action were created after Plaintiffs became Manhattan Beer customers. Plaintiffs therefore construe this Request to apply to the time period after Plaintiffs became Manhattan Beer customers. Based on the agreement of the parties reached during meet and confers, Plaintiffs are construing this Request to exclude QuickBooks reports like those Plaintiffs already produced regarding Manhattan Beer bearing Bates numbers MBPLS000000198–219.

Plaintiffs respond as follows: these limits are controlling the search for responsive and relevant materials in Plaintiffs' possession, custody, or control, and Plaintiffs will produce all responsive,

non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

**Request for Production No. 29:**

Database data that relates to or reflects Plaintiffs' responses to Defendants' practice of including an additional 10-cent charge with the bottle deposit charge, including any notes, analysis or categorization of information related to those responses. This request has no time limit.

**Response to Request No. 29:**

To the extent that QuickBooks reports are responsive to this Request, Plaintiffs produced all responsive documents in the form of QuickBooks reports bearing Bates numbers MBPLS000000198–219. Plaintiffs will produce all additional responsive, non-privileged documents in Plaintiffs' possession, custody, or control that can be identified through a reasonable search, to the extent such documents exist.

Dated: July 19, 2023
      New York, New York

                              **WITTELS MCINTURFF PALIKOVIC**

                          By:   /s/ Ethan D. Roman
                                 Ethan D. Roman (ER-5569)
                                 Steven L. Wittels (SW-8110)
                                 J. Burkett McInturff (JM-4564)
                                 305 BROADWAY, 7TH FLOOR
                                 NEW YORK, NEW YORK 10007
                                 Telephone: (914) 775-8862
                                 Facsimile:  (914) 775-8862
                                 edr@wittelslaw.com
                                 slw@wittelslaw.com
                                 jbm@wittelslaw.com

                                 *Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served via email upon the attorneys of record for Defendants, this 19th day of July, 2023.

/s/ Ethan D. Roman
Ethan D. Roman
