

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

August 11, 2023

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC***;
      Case No. 7:22-cv-01408-CS-AEK

Dear Judge Krause:

  On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write in response to the letter to Your Honor from Plaintiffs' counsel, dated August 4, 2023 (ECF No. 135).

  In their letter, Plaintiffs assert that they are entitled to production of data for "***all*** Class Member transactions" regardless of whether they relate to the ten-cent deposit on cardboard boxes (ECF No. 135 at p. 3 (emphasis in original)). However, Plaintiffs fail to demonstrate the relevance of such discovery. Since Plaintiffs have not satisfied their *prima facie* burden of demonstrating entitlement to the requested data, the application should be denied.

  Plaintiffs assert that Defendants "initially agree[d] to produce a set of negotiated data fields for ***all*** Class Member transactions" (ECF No. 135 at p. 1 (emphasis in original)). However, this assertion is simply untrue. Plaintiffs initially requested "[a]ll database data regarding [sic] that involves or touches on Manhattan Beer's Deposit Practices" (**Ex. 1 at p. 12**). Defendants objected on relevance grounds and refused to produce responsive documents (*see*, *id*.). At an April 24, 2023 hearing, the Court pressed Plaintiffs on why their request was not limited to data "just for the cardboard box deposit" (**Ex. 2 at 40:9-10; 40:20-22**) ("THE

983254

August 11, 2023
Page 2

COURT: I know that you want [broader customer data], but why should you have that for this case, which is about the cardboard-box deposit?"). The Court directed the parties to attempt to negotiate the scope of data production. **Ex. 2 at 42:14-43:20**.

On April 27, 2023, Plaintiffs requested that Defendants produce "[a]ll database data that is included and/or reflected on the receipts attributable to each purchase made by each class members" [sic] (**Ex. 3 at p. 3**). Defendants objected to this request as "wildly overbroad" and stated that it "would encompass completely irrelevant information on every invoice ever issued to potential class members as well as payment, deposit and refund information having nothing to do with 10-cent deposits" (*id.* **at p. 1**).

Thereafter, Plaintiffs served formal document requests which merely restated the requests that Defendants previously rejected ("[a]ll database data relevant to the subject-matter of this lawsuit that is included and/or reflected on the receipts attributable to each purchase made by each Manhattan Beer customer"; "[a]ll database data that Manhattan Beer maintains on the transactions made with Plaintiffs") (**Ex. 4, Requests Nos. 7 and 10 at pp. 9, 11**). Defendants objected to these requests "to the extent [they] request[] database data related to invoices or purchases which do not contain charges or credits for, or otherwise relate to, 10-cent deposit fees for cardboard" (Response 7) or "database data relating to transactions by Plaintiffs not involving a charge for or payment or refund of a 10-cent deposit on cardboard" (Response 10). *Id*. Thus, Defendants have repeatedly, and consistently, over a period of many months, objected to data requests unrelated to 10-cent deposits on cardboard boxes.

As Plaintiffs' cited authority makes clear, "[t]he party seeking discovery bears the initial burden of proving the discovery is relevant" (ECF No. 135 at p. 2, citing *Winfield v. City of New York*, 2018 WL 716013, *4 (S.D.N.Y. Feb. 1, 2018)). Here, Plaintiffs fail to satisfy their burden. Plaintiffs assert that the additional requested data is likely to "shed light" on Defendants' defense based on Plaintiffs' knowledge of the Bottle Bill's 5-cent deposit requirements. According to Plaintiffs, the additional data would allow them to calculate "the percentage of Class Member deposit charges that involve the disputed fee", "the amount of disputed fees relative to the total amount of state-mandated deposit fees Defendants assessed and collected", "the number of Class Member transactions relative to the number of transactions involving the disputed fees" and "Defendants' frequency of invoicing Class Members". However, Plaintiffs do not even attempt to explain the relevance of such calculations to a defense based on their knowledge of the Bottle Bill's deposit requirements.

Based on this purported rationale, Plaintiffs contend that they are entitled to data detailing every transaction between any potential class member and Manhattan Beer. Simply put, however, Plaintiffs are mistaken. If Plaintiffs needed specific data concerning claims or defenses, they would have particularized their requests instead of repeatedly serving blunderbuss, patently overbroad requests. Significantly, Plaintiffs concede that their application

August 11, 2023
Page 3

is, at best, speculative and/or premature (*see* ECF No. 135 at p. 2) ("[O]nce Plaintiffs and their data scientist begin analyzing the data (especially once substantial document discovery is complete) they are likely to gain a better understanding of ways to answer the key questions common to each Class Member's claims"). In short, Plaintiffs are simply engaged in a fishing expedition.

Since Plaintiffs fail to satisfy their initial burden, their remaining arguments are irrelevant.[1] Even assuming, *arguendo*, however, that Plaintiffs had satisfied their burden, Defendants' production of the requested data would not be proportional to the needs of this case.[2] Plaintiffs' assertion that Defendants lack the capability to "exclude data … if it appears on an invoice containing the disputed fee" is both incorrect and irrelevant. Defendants' agreement to produce other data on discrete invoices containing 10-cent deposits simply does not entitle Plaintiffs to the wholesale production of data concerning every transaction entered into between all potential class members and Manhattan Beer.

Respectfully Submitted,

/s/ Eric J. Przybylko

Eric J. Przybylko

cc: All Counsel of Record (via ECF)

---

[1] Plaintiffs disingenuously contend that Defendants' objections were limited to proportionality and did not include relevance. Request No. 7 sought all "relevant" database data reflected on Manhattan Beer's receipts to its customers. Defendants objected that this request was vague, ambiguous and overbroad to the extent it sought data unrelated to the 10-cent cardboard charge, *i.e.*, Defendants asserted such data did not constitute "data relevant to the subject-matter of this lawsuit" as set forth in the request. In addition, contrary to Plaintiffs' suggestion that proportionality relates only to expense or burden, relevance is also part of the proportionality analysis (*see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

[2] As Plaintiffs know, data requests require not only the creation of a specific query-based process to extract data but also involve substantial time and resources to run the query and exercise quality control as well as attorney time to review and quality-check the production. In addition, as a result of Plaintiffs' failure to timely object after being apprised many months ago of the limited scope of the data production, Defendants are at risk of having to produce multiple data exports at significant expense. Indeed, prior to Plaintiffs' filing this letter on August 4, 2023, Defendants had already produced the data to Plaintiffs.

983254