## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CAP 111 ENTERPRISES LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC,

on behalf of themselves and all others similarly situated,

        Plaintiffs,

    v.

MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY,

        Defendants.

Civil Case No.: 22 Civ. 1408 (CS) (AEK)

AMENDED FED. R. CIV. P. 26(f) REPORT AND DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f), on January 23, 2023, undersigned counsel for Plaintiffs ("Plaintiffs") and ("Defendants") (collectively, "the Parties" and each a "Party"), met and conferred on the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed report and preliminary discovery plan. Following the Court's August 31, 2023 decision granting in part and denying in part Defendants' motion to dismiss and the Parties' February 13, 2024 letter requesting the Court lift the stay entered December 22, 2024 pending mediation, the Parties have agreed to and propose amending the existing Discovery Plan and Scheduling Order (ECF No. 148) as provided herein.

## I.  POSITIONS ON CONSENT TO MAGISTRATE

All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).

## II.  RULE 26(f)(3) PROPOSALS

The parties have conferred pursuant to Fed. R. Civ. P. 26(f) and set forth as follows their views and proposals on the issues listed in Fed. R. Civ. P. 26(f)(3):

A. *what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

The Parties do not propose any changes in the timing, form, or requirements for disclosures under Rule 26(a).  The Parties exchanged initial disclosures on October 28, 2022.

B. *the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

1. Subjects of discovery:

   Plaintiffs will generally seek discovery concerning Defendants' deposit charge practices, Defendants' motives for such practices, Defendants' communications with customers and internal communications regarding such practices, and Defendants' formulae and processes for determining deposit charges.  Defendants will generally seek discovery concerning deposits paid and refunds received by Plaintiffs for beverage containers, cardboard boxes and/or kegs including correspondence and other materials relating to Plaintiffs' disposition of these items.

   The Parties agree that considering the factual and legal issues in this matter the particular issues regarding the subjects on which discovery may be warranted are best evaluated in the context of specific discovery requests.  Plaintiffs served their initial written discovery on December 20, 2022 and Defendants served their initial written discovery on January 23, 2023.  The Parties have served written responses and objections to such discovery.  The parties will promptly raise with the Court any disagreements on the scope of discovery following the appropriate meet and confer process in accordance with the Court's local rules and individual practices.

2. When discovery should be completed:

   a. Pending determination of Defendants' motion to dismiss, the Court previously stayed discovery other than document production and interrogatories by the parties.  Based on the Court's August 31, 2023 decision granting in part and denying in part that motion, the stay was lifted and the parties proposed an amended scheduling order providing for a schedule for fact witness depositions and non-party discovery, including non-party document discovery, which was so-ordered by the Court.  ECF No. 148.  On December 22, 2023, the Court entered another brief stay of discovery, ECF No. 161, to allow the Parties to attend a mediation, which stay expired on February 13, 2024.

   b. The Parties' production of responsive documents begin by April 11, 2023 and shall be completed by **April 12, 2024**.

   c. Fact witness depositions and non-party document discovery shall be completed by **November 8, 2024**.

    d.  At least thirty (30) days prior to the completion of fact discovery on November 8, 2024, the parties will meet and confer on proposed dates by which: (i) expert designations and reports shall be provided to opposing counsel pursuant to Fed. R. Civ. P. 26(a)(2); and (ii) expert discovery, including expert depositions, shall be completed.

3.  <u>Phasing of discovery</u>:  The Parties shall be permitted to produce responsive documents on a rolling basis, with productions occurring within at least 21 days of one another.

C. *any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The Parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and appropriate steps to preserve electronically stored information.  The parties submitted for the Court's approval a proposed protocol for the discovery of electronically stored information on May 22, 2023 which was so-ordered by the Court on that date (ECF No. 103).

D. *any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

The Parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection ("Privileged Material"), including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

1.  The inadvertent disclosure of Privileged Material shall not be deemed a waiver by the producing party of any claims of privilege or work-product protection.

2.  When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

3.  When a receiving party discovers that it has received any information, document or thing that it knows or has reasonable cause to believe is privileged and/or was inadvertently produced, notice shall be promptly provided to the producing party and the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

4. However, nothing herein restricts the right of the receiving party to use the Privileged Material to challenge the producing party's claim of privilege if appropriate within a reasonable time after discovering or receiving notice of the inadvertent or mistaken disclosure. If a receiving party wishes to dispute a claim of privilege asserted under this Order, such receiving party shall move the Court under seal for an Order compelling disclosure of the Privileged Material. Until the motion to compel is finally resolved by the Court, the receiving party shall not use the Privileged Material for any other purpose.

E. *what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

None

F. *any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

The Parties submitted a stipulation and proposed protective order to the Court on February 16, 2023, which the Court so-ordered on that date (ECF No. 43).

Counsel for the Parties:

**WITTELS MCINTURFF PALIKOVIC**

By:  /s/ Ethan D. Roman
Ethan D. Roman (ER-5569)
Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Telephone: (917) 775-8862
Facsimile: (914) 775-8862
edr@wittelslaw.com
slw@wittelslaw.com
jbm@wittelslaw.com

*Attorneys for Plaintiffs and the
Proposed Class*

**DAVIDOFF HUTCHER & CITRON
LLP**

By:  /s/ Peter M. Ripin
Peter M. Ripin (PR-6950)
Eric J. Przybylko (EP-0329)
605 THIRD AVENUE, 34TH FLOOR
NEW YORK, NEW YORK 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
pmr@dhclegal.com
ep@dhclegal.com

*Attorneys for Defendants*

This Order may not be modified or the dates herein extended, except by further Order of this

Court for good cause shown. Any application to modify or extend the dates herein shall be made

in a written application in accordance with Court's Individual Practices and shall be made no less

than two (2) business days prior to the expiration the date sought to be extended.

SO ORDERED.

_____
JUDGE ANDREW E. KRAUSE
United States Magistrate Judge

Dated:  February 23, 2024
White Plains, New York

The next conference before Magistrate Judge Krause is hereby scheduled for March 19, 2024 at 11:00 a.m.  If there are discovery disputes to be resolved, the conference will take place in person in Courtroom 250 in the White Plains federal courthouse.  If there are no disputes, the conference will take place via telephone using the teleconference information available at https://nysd.uscourts.gov/hon-andrew-e-krause.  Letters raising discovery disputes must be submitted by March 12, 2024.  Responses must be submitted by March 15, 2024.