

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

May 1, 2024

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC***;
               **Case No. 7:22-cv-01408-CS-AEK**

Dear Judge Krause:

      On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write, for a second time, to request an order compelling plaintiffs 251 E. Main Street ("Village Social"), LLC, 67 Purchase Street LLC ("Village Social Rye"), Pub Street Pleasantville LLC "(Pubstreet") and Locali Kitchen & Bar LLC ("Locali", and collectively with Village Social, Village Social Rye and Locali, the "Village Social Plaintiffs"), to produce invoice exemplars from beverage distributors other than Manhattan Beer.

      By order, dated August 16, 2023 (the "Order", ECF Nos. 140 & 144), this Court granted Defendants' prior motion to compel such production (ECF No. 123). However, the Village Social Plaintiffs failed to produce any documents at all until March 2024 and still have not produced exemplars for distributors and time periods which their own productions show exist. The relevance of these exemplars is more critical than ever, as the few exemplars produced show, contrary to Plaintiffs' previous assertions, at least one other distributor charged the Village Social Plaintiffs the exact same ten-cent cardboard deposit at issue here, making all such exemplars critical evidence of Plaintiffs' prior knowledge of such deposits.

1001364

The June 1, 2023 request at issue (the "Request") called for production of "[e]xemplars of invoices received by Plaintiffs from beverage distributors other than Manhattan Beer sufficient to identify such distributor's method(s) of invoicing Plaintiffs for purchases of bottled beverages and/or cardboard boxes".[1] Significantly, at the time Defendants' prior motion to compel was argued, Plaintiffs' counsel stated that Manhattan Beer was the only distributor to charge a deposit for cardboard boxes (referred to as "mother cartons") (**see Exhibit A** [08/16/23 Tr.] at 61:9-12). As a result, the presumed relevance of this information was that the invoice exemplars would show that Plaintiffs were on notice that the Bottle Bill deposit for 24-bottle cases was $1.20, not $1.30 as set forth on Manhattan Beer's invoices (**Ex. A** at 52:12-16). Based on the foregoing, the Court ordered Plaintiffs to produce responsive exemplars from reasonably accessible hard-copy files and to modify their ESI collection methodology, if necessary, to produce documents responsive to the Request (**Ex. A** at 70-74).

Notwithstanding the August 2023 Order (and Defendants' repeated requests for compliance), the Village Social Plaintiffs did not produce any exemplar invoices until March 1, 2024. That production, however, was comprised almost entirely of irrelevant invoices for products other than bottled beer (e.g., wine, liquor, keg or canned beer). Only two non-Manhattan Beer invoices for 24-bottle cases of beer were produced, and both were for a non-plaintiff, related entity, "41 Wheeler Ave LLC" d/b/a "Fatt Root". Critically, however, one of those invoices was a September 2023 invoice from Oak Beverages ("Oak") showing that Oak charged Fatt Root a $1.20 deposit on a case of beer plus $0.10 for "MTHR C", very clearly a reference to the cardboard "mother carton" (**Exhibit B**). That invoice highlighted the importance of the exemplar invoices, as it demonstrated for the first time that at least one other distributor besides Manhattan Beer charged a non-plaintiff member of the Village Social Restaurant Group a ten-cent mother carton charge in addition to the $1.20 deposit required under the Bottle Bill.

During subsequent meet and confers, the parties reached a compromise whereby Defendants limited their Request to invoice exemplars from specific distributors which Plaintiffs' own records indicated sold bottled beer to the Village Social Plaintiffs (Brescome, D. Bertoline, Dichello, Oak, Star, Sarene and Union (the "Distributors")). In turn, Plaintiffs agreed to review the hard-copy files they previously claimed were not reasonably accessible and produce exemplars from the Distributors showing how the Village Social Plaintiffs were invoiced for bottled beer cases over time. However, the Village Social Plaintiffs produced only 14 additional pages resulting in the following deficiencies: (1) no exemplar invoices were produced for 4 of the 7 Distributors (Brescome, Dichello, Star and Union) despite previous productions showing years of purchases from such Distributors; (2) the single invoice produced for Sarene did not reference a bottled beer sale, (3) Village Social Rye produced no exemplars from Oak, though previously-produced records indicate it purchased bottled beer from Oak since

---

[1] The Request was previously submitted to the Court as Exhibit A to Defendants' prior letter motion to compel (ECF No. 123).

DAVIDOFF HUTCHER & CITRON LLP

May 1, 2024
Page 3

at least 2017; (4) Village Social produced only a single 2019 Oak invoice, in a format which, similar to Manhattan Beer's invoices, shows a 24-bottle case deposit of $1.30 while also indicating that 10 cents will be returned for "empt[y]" mother cartons (**Exhibit C**); and (5) Locali produced only a single 2021 Oak invoice exemplar, in a different format from the 2019 exemplar sent to Village Social, containing a formatting error which obscures the fact that Oak appears to have charged Locali a $1.20 "DEP" (deposit) plus a $0.10 "MTHR C" (mother carton) charge (**Exhibit D**). Notwithstanding the foregoing, however, Plaintiffs refused to provide any additional discovery.

Approximately nine months ago, Plaintiffs erroneously advised us that no other distributors charged Plaintiffs a deposit for cardboard mother cartons. Thereafter, as a result of Plaintiffs' delay in complying with this Court's August 2023 Order, it was not until March 2024 that Defendants learned not only that at least one other distributor (Oak) did in fact charge the Village Social Plaintiffs a deposit for mother cartons, it charged an amount identical to Manhattan Beer, resulting in the same $1.30 deposit charge per 24-bottle case total that Plaintiffs claim deceived them. Upon information and belief, at least one additional distributor for Village Social and Village Social Rye, i.e., Union, also charged $1.30 for 24-bottle cases, including a ten-cent mother carton deposit. However, Plaintiffs failed to produce a single Union invoice exemplar. Defendants are clearly entitled to discovery showing how the Village Social Plaintiffs were invoiced for bottled beer and/or cardboard mother cartons over time, as it will provide crucial evidence disproving Plaintiffs' claim that they were misled or defrauded by the same or similar charges on Manhattan Beer invoices.

Accordingly, Defendants respectfully request that the Court order the Village Social Plaintiffs to produce the boxes containing invoice exemplars (which Plaintiffs' counsel advised total approximately 24) for inspection and copying by Defendants. Defendants further request that the Village Social Plaintiffs be required to: (1) describe all efforts taken to identify the custodians for all relevant time periods that received invoices, electronically or otherwise, from the Distributors (the "Custodians"); (2) identify all such Custodians; (3) describe all efforts taken to identify the representatives of each Distributor who provided invoices to the Village Social Plaintiffs (the "Distributor Representatives"); (4) identify all such Distributor Representatives, including the email address(es) used in providing invoices; (5) describe all efforts taken to collect and search the files and ESI of the Custodians for communications from the Distributor Representatives generally or for Distributor invoices specifically, including (a) who performed the relevant collection or searches, (b) the specific sources of ESI (custodial and non-custodial) collected and searched, and (c) methods used to insure hard copy or pdf invoices or attachments were searched (e.g., via OCR).[2]

---

[2] Plaintiffs contend that they ran search terms using each Distributor's name and the word "invoice" but did not locate a single responsive invoice exemplar. However, Plaintiffs refused to provide any further information concerning the scope of this search, including the custodians or search methodology.

1001364

DAVIDOFF HUTCHER & CITRON LLP

May 1, 2024
Page 4

                                                  Respectfully Submitted,

                                                  /s/ Eric J. Przybylko

                                                  Eric J. Przybylko

cc:  All Counsel of Record (via ECF)

1001364