

## DAVIDOFF HUTCHER & CITRON LLP
### ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

May 1, 2024

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> Re:   ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC;***
> **Case No. 7:22-cv-01408-CS-AEK**

Dear Judge Krause:

On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write to request an order compelling Plaintiffs to provide a privilege log which complies with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Southern District of New York and the Discovery Protocol for Electronically Stored Information negotiated by the parties and so-ordered by the Court (the "ESI Protocol", ECF No. 103). Plaintiffs have not only failed to provide such a privilege log but refused to meaningfully meet and confer about the issue thereby necessitating the present letter motion.

Both Federal Rule 26(b)(5) and Local Civil Rule 26.2 obligate a party asserting a privilege to state the privilege asserted and provide a privilege log containing information sufficient to allow its adversary to assess the claim of privilege. Local Civil Rule 26.2 specifically identifies the minimum information -- including type of document, document date, author and recipients – to be provided for individually-logged documents while generally approving the use of categorical privilege logs. In light of these requirements, the parties agreed on the scope and format of the privilege logs to be exchanged in the ESI Protocol (see ECF No. 103 § V).

1001510

DAVIDOFF HUTCHER & CITRON LLP

May 1, 2024
Page 2

Section V(4) of the ESI Protocol provides that "[e]xcept as provided below, privilege and redaction logs should be produced on a document-by-document basis with the next practicable rolling production . . . Where appropriate, the Parties may employ categorical privilege log entries in accordance with Local Civil Rule 26.2(c), in which case such categorical privilege log entries will contain the information set forth in Local Civil Rule 26.2(a)(2)(A) and (a) the number of privileged withheld documents included in such entry, and (b) the date range for the category of documents included."   The only documents not required to be logged are: "documents or communications sent directly (but not copied or blind-copied) **to** outside counsel created after February 23, 2022" and "[d]ocuments not responsive to the requesting Party's substantive document requests" (ECF No 103 § V(5) (emphasis added)).

Here, Plaintiffs initially provided a privilege log containing five entries, comprised of three emails and their attachments, all sent by Steven L. Wittels, Esq., to Connie Petrovich of plaintiff Cap 111 Enterprises, LLC ("Cap 111") immediately before and after commencing this action on February 18, 2022 (**Exhibit A**).  Plaintiffs did not categorically log a single document. When Defendants raised this issue at a meet and confer, Plaintiffs first refused to even discuss their log; then summarily stated that they "did not need to provide a categorical log"; and finally asserted that every responsive privileged document they located was properly and individually logged.  In response, Defendants stated that these representations did not appear to be credible since: (1) only three emails were logged in total, all from the three days straddling the filing of the initial complaint; (2) all three emails were sent by Mr. Wittels to plaintiff Cap 111, with no communications at all involving the four Village Social plaintiffs; and (3) no communications of any kind were logged (individually or categorically) after February 19, 2022, the day after the filing of the initial complaint in this action, despite the fact that Plaintiffs' counsel have since that date filed numerous amended pleadings, motions and discovery responses, some of which were verified by the very same custodians whose emails Plaintiffs claim to have collected and searched.

Earlier today, which is the deadline for submitting letters raising discovery disputes with the Court and more than one week after Defendants last objected to the privilege log deficiencies, Plaintiffs produced a revised log adding one email attaching a draft retainer letter to plaintiff Cap 111 and the signed retainer (**Exhibit B**).  However, Plaintiffs again failed to log a single document or communication after February 19, 2022, individually or categorically.

Plaintiffs' assertion that their privilege log complies with the appliable rules and ESI Protocol and includes all documents required to be logged could only be true if Plaintiffs never sent their counsel a single document or communication prior to February 23, 2022 (except for a signed retainer letter) and Plaintiffs' counsel never sent their own clients a single document or communication, before or after February 23, 2022, except for the four logged emails to Connie Petrovich of Cap 111.  However, it would defy credulity to believe that Plaintiffs' counsel have

DAVIDOFF HUTCHER & CITRON LLP

May 1, 2024
Page 3

complied with their obligation to locate and produce all relevant discovery without any written communications with their own clients.  On the contrary, Plaintiffs' assertions demonstrate either that they failed to properly log privileged documents or, more troublingly, failed to properly collect highly relevant sources of ESI that would contain such responsive, privileged materials.[1]

Accordingly, Defendants respectfully request that the Court require Plaintiffs to supplement their privilege log to identify all documents required to be logged pursuant to Federal Rule 26(b)(5), Local Civil Rule 26.2 and Section V of the ESI Protocol.

Respectfully Submitted,

/s/ Eric J. Przybylko

Eric J. Przybylko

cc:  All Counsel of Record (via ECF)

---

[1] Plaintiffs' position is further belied by their own search term reports which showed that Plaintiffs' custodial ESI contained over 1,600 hits for variations of "Manhattan Beer".  However, Plaintiffs did not log a single email or document sent from Plaintiffs' counsel to their own clients containing these terms except for the four emails sent to Cap 111.