# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, LIVANOS RESTAURANT INC., MODERNE BARN, ARMONK, INC., NEW OCEANA RESTAURANT CORP., GREAT FOOD 57TH ST LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, and LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    ~ *against* ~<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, and MICHAEL MCCARTHY,<br><br>       Defendants. | Civil Case No.: 22 Civ. 1408 (CS)(AEK) |

## **DEFENDANTS' REVISED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), by and through their attorneys, Davidoff Hutcher & Citron LLP, respond and object to Plaintiffs' First Set of Interrogatories to Defendants, dated December 20, 2022 (the "Interrogatories"), as follows.

### **RESERVATION OF RIGHTS**

  By providing a response to a specific interrogatory:

972268

(a) Defendants do not concede that the subject matter of the interrogatory or the response provided is relevant to the subject matter involved in the pending action or that either relates to a claim or defense of any party;

(b) Defendants do not waive, and hereby reserve, their right to object to the admissibility into evidence, for any purpose, including for motions or the trial of this action or in any other proceeding, of any information provided or referred to in this response, on any grounds, including without limitation competency, relevancy, materiality and privilege;

(c) Defendants do not waive any objection that they might have to any other discovery request involving or relating to the subject matter of any interrogatory; and

(d) Defendants reserve the right to supplement, clarify, revise or correct any or all of the responses herein at any time.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. *Identify each person with knowledge of Manhattan Beer's Deposit Practices. For each person identified, state the following:*

    *a.   name;*
    *b.   title;*
    *c.   employment status (i.e., whether current or former employee, and if former employee provide that person's last known contact information including address, phone, mobile, and email);*
    *d.   job description; and*
    *e.   describe with specificity the information you believe is known to the person.*

**Response to No. 1:** Defendants object to subsections (c)-(e) of this interrogatory as exceeding the information permitted by Local Civil Rule 33.3(a). In addition, Defendants object to this interrogatory as overbroad, unduly burdensome and not relevant or proportional to the needs of this case to the extent that it seeks the identity of "each" person having any knowledge of

2

Manhattan Beer's Deposit Practices. Pursuant to the parties' agreement, Defendants therefore construe subsection (a) of this Interrogatory as requesting the disclosure of the identities of the current and former employees of Manhattan Beer that had relevant managerial or supervisory responsibilities over Manhattan Beer's Deposit Practices including, but not limited to, the 10-cent deposit on cardboard boxes. Defendants identify the following individuals: Simon Bergson, President & CEO; Alex Bergson, Vice President of New York Wine & Spirits; Michael McCarthy, Chief Strategy Officer; Ed McBrien, Chief Operating Officer; Bill Deluca, Chief Commercial Officer; Paul Schmitt, Senior Vice President of Operations; Joe Minnix, Director, Inside Sales & Customer Service; Bill Bessette, former Chief Operating Officer; Jerry Bergson, former Vice President of Operations; Sal Rossi, former Vice President of Operations; and Richard Hourihan, General Sales Director.

2. *Identify whether information potentially relevant to this case has been preserved, collected, or produced in connection with other disputes, investigations, arbitrations, mediations, settlements, litigations, or the like. For each matter identified, please provide the following information:*

    a. *The name and brief description of the matter;*
    b. *A description of the scope of the information preserved, collected, or produced in the matter;*
    c. *Identify the information potentially relevant to this case that was preserved, collected, or produced in the matter;*
    d. *Whether the potentially relevant information was (i) preserved, (ii) collected, or (iii) produced; and*
    e. *The date(s) the potentially relevant information was (i) preserved, (ii) collected, or (iii) produced.*

**Response to No. 2:** Defendants object to this interrogatory as exceeding the information permitted by Local Civil Rule 33.3(a). Defendants further object on the grounds that this interrogatory improperly seeks "discovery on discovery", *i.e.,* information concerning Defendants' storage, collection, review, production and preservation of requested documents. Notwithstanding the foregoing objections, Defendants state that they do not possess documents

3

responsive to this request.

3. *Identify each person with detailed knowledge of Manhattan Beer's information technology systems. For each person identified, state the following:*

    *a.    name;*
    *b.    title;*
    *c.    employment status (i.e., whether current or former employee, and if former employee provide that person's last known contact information including address, phone, mobile, and email);*
    *d.    job description; and*
    *e.    describe with specificity the information you believe is known to the person.*

**Response to No. 3:** The Court sustained Defendants' objection to this interrogatory.

4. *Identify each person responsible for preserving Manhattan Beer's electronically stored information for this lawsuit and/or Manhattan Beer's Deposit Practices. For each person identified, state the following:*

    *a.    name;*
    *b.    title;*
    *c.    employment status (i.e., whether current or former employee, and if former employee provide that person's last known contact information including address, phone, mobile, and email);*
    *d.    job description; and*
    *e.    the person's responsibility for preserving NYHC's electronically stored information.*

**Response to No. 4:** The Court sustained Defendants' objection to this interrogatory.

5. *For Manhattan Beer customers charged 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill, provide the following information:*

    *a.    Total number of customers charged;*
    *b.    Total revenue received by Manhattan Beer from customers identified in item a;*
    *c.    Number of customers who requested a refund of their deposit charges;*
    *d.    Number of customers whose refund requests were granted or partially granted;*
    *e.    Amount of money refunded;*
    *f.    Number of customers who complained to Manhattan Beer regarding Manhattan Beer's Deposit Practices, including customers who complained that they did not know about the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill, and customers who complained that*

4

*the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill were combined with fees required by the Bottle Bill.*

**Response to No. 5:** The Court sustained Defendants' objection to this interrogatory.

6. *Identify each person who was issued Manhattan Beer's litigation hold(s) related to this lawsuit. For each person identified, state the following:*

    a.     *name;*
    b.     *title;*
    c.     *employment status (i.e., whether current or former employee, and if former employee provide that person's last known contact information including address, phone, mobile, and email);*
    d.     *job description; and*
    e.     *date litigation hold was issued.*

**Response to No. 6:** The Court sustained Defendants' objection to this interrogatory.

7. *Identify all Manhattan Beer databases or reporting systems that involve or touch on deposit practices and describe the nature of the data contained therein. As part of this identification, state the date range (i.e., 1/1/16 to present) of the accessible data, and whether review of such data requires the use of proprietary software. Please also provide a list of the data fields in any identified software (field tree) and dictionaries for each such data field.*

**Response to No. 7:** The Court sustained Defendants' objection to this interrogatory.

8. *Identify the servers, mainframes, backups or any hard drive that may contain relevant information. For each server, mainframe, backup, or hard drive identified, provide the following information:*

    a.     *The name of the source;*
    b.     *A description of the information contained on the source;*
    c.     *The individual(s) who could best provide detail regarding the use, preservation, and collection from the source;*
    d.     *How the data on the source exists, as well as how it is backed up or archived;*
    e.     *Whether the source is stored locally, or whether storage and access are in the cloud;*
    f.     *The date ranges of the data in the source;*
    g.     *Any potential problems or limitations on producing data from the source (e.g., data cannot be exported and viewed without a software license or proprietary software) and what, if any, alternatives exist to resolve such potential problems or limitations; and*
    h.     *Describe any restrictions for employee or contractor access to the data on the source (i.e., by employee level or department, etc.).*

**Response to No. 8:** The Court sustained Defendants' objection to this interrogatory.

9. Identify all corporate-level file shares where documents (e.g., Word documents, Excel Spreadsheets, Power Points, PDFs, etc.) are stored and the amount of data contained on each such file share.

**Response to No. 9:** The Court sustained Defendants' objection to this interrogatory.

10. Identify each Manhattan Beer officer or employee who has/had access to the file shares referenced in Interrogatory No. 9.

**Response to No. 10:** The Court sustained Defendants' objection to this interrogatory.

11. Identify the number of hard drives Manhattan Beer has preserved, as well as those drives' custodians. If any data available on hard drives is also available from other sources, identify such sources and the period for which such data is available.

**Response to No. 11:** The Court sustained Defendants' objection to this interrogatory.

12. Identify all forms of communication Manhattan Beer's officers, directors, employees, contractors, key shareholders, and other individuals who may have relevant information use in conducting Manhattan Beer's affairs.

**Response to No. 12:** The Court sustained Defendants' objection to this interrogatory.

13. Identify the type of email system(s) used by Manhattan Beer, the time frame for emails that have been preserved (distinguishing between the emails preserved on accessible media and those that Manhattan Beer alleges are preserved on inaccessible media, if any), and the format of preserved but purportedly inaccessible emails, as well as the total number of company email accounts for each email system and the number of emails in each account.

**Response to No. 13:** The Court sustained Defendants' objection to this interrogatory.

14. Identify the types of portable electronic devices, if any, Manhattan Beer provides to employees or those that Manhattan Beer's employees may have used while performing their work for Manhattan Beer.

**Response to No. 14:** The Court sustained Defendants' objection to this interrogatory.

15. State whether Defendants are storing potentially relevant data with third party storage providers, and, if so, state the identity of these providers. If Defendants are utilizing such outside sources to maintain potentially relevant data, state whether this data has been preserved.

**Response to No. 15:** The Court sustained Defendants' objection to this interrogatory.

16. Identify each person:

    *a.*    *who has provided you with a written statement, and/or from whom you intend to obtain a written statement, and/or from whom you have sought to obtain a written statement, whether sworn or unsworn, and whether signed or unsigned, attesting to information concerning the Complaint; and*

    *b.*    *other than your legal counsel, who answered or in any way assisted with the preparation of the answers to these interrogatories or from whom information used in answering these interrogatories was obtained.*

**Response to No. 16:** a) Defendants obtained written statements from customers as disclosed to Plaintiffs in the letter of Peter M. Ripin to Steven L. Wittels and J. Burkett McInturff dated December 7, 2023. The identity of the individuals and entities from whom those statements were obtained are set forth in the statements, which Defendants produced to Plaintiffs on December 12, 2023 at DEFS_0002953 through DEFS_0003075. b) Alex Bergson.

Dated:  New York, New York
         December 12, 2023

                                         **DAVIDOFF HUTCHER & CITRON LLP**

                                         By:      */s/ Peter M. Ripin*
                                                      Peter M. Ripin
                                                      Eric J. Przybylko
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200 (Main Office)
(212) 286-1884 (Fax)
pmr@dhclegal.com
ep@dhclegal.com

*Attorneys for Defendants Manhattan Beer Distributors, LLC, Simon Bergson, and Michael McCarthy*

TO:

Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Ethan D. Roman
Nathan Rice
Tiasha Palikovic (TP-5697)
**WITTELS MCINTURFF PALIKOVIC**
305 Broadway, Floor 7
New York, New York 10007
Telephone: (914) 775-8862
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
edr@wittelslaw.com
nar@wittelslaw.com
tpalikovic@wittelslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## VERIFICATION OF INTERROGATORY ANSWERS

I, Simon Bergson, am the President of Manhattan Beer Distributors LLC. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2023

_____
Simon Bergson

9

## VERIFICATION OF INTERROGATORY ANSWERS

I, Michael McCarthy, am the Chief Strategy Officer for Manhattan Beer Distributors LLC. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2023

_____
Michael McCarthy