Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, LIVANOS RESTAURANT INC., MODERNE BARN, ARMONK, INC., NEW OCEANA RESTAURANT CORP., GREAT FOOD 57TH ST LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   *~ against ~*<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY,<br><br>          Defendants. | Civil Case No.: 22 Civ. 1408 (CS)(AEK) |

**DEFENDANTS' REVISED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Manhattan Beer Distributors, LLC, Simon Bergson and Michael McCarthy (collectively, "Defendants"), by and through their attorneys, Davidoff Hutcher & Citron LLP, hereby respond to Plaintiffs' First Set of Requests for the Production of Documents to Defendants, dated December 20, 2022 (the "Requests"), as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Defendants object to the form for producing electronically stored information and shall instead use the form agreed upon by the parties in their ESI protocol.

972271

2. To the extent a request set forth in Plaintiffs' Requests is expressly limited by time period, these revised responses and objections relate to those Requests as originally written. As directed by the Court, on or before May 24, 2023, Defendants will address Requests for which Plaintiffs seek to remove such time limitations in their responses and objections to Plaintiffs' Third Requests for Production and in their response to Plaintiffs' May 9, 2023 letter to the Court. Defendants expressly reserve their right to object to the expanded time period for such Requests in their May 24, 2023 filings, and nothing herein shall be construed as a waiver of such objections.

**SPECIFIC RESPONSES TO DOCUMENT DEMANDS
AND THINGS TO BE PRODUCED**

**Documents and Communications Related to Plaintiffs and this Lawsuit**

1. *Documents and communications related to Plaintiffs, including without limitation copies of all documents allegedly sent to or received by Plaintiffs regarding deposits, including without limitation 5-cent deposits on beverage containers required by the Bottle Bill, 10-cent deposit fees for cardboard, or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 1:** To the extent that this Request seeks information unrelated to deposits, Defendants object to this Request on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and burdensome. Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control limited to information related to Plaintiffs concerning deposits. The production will be completed by the deadlines set forth in the parties' discovery plan.

2. *Non-privileged documents and communications made in response to this lawsuit and the allegations in the operative complaint.*

**Response to No. 2:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The

2

production will be completed by the deadlines set forth in the parties' discovery plan.

### Aggregate Class Member Data

3. *Documents and communications with Manhattan Beer management or governing body(ies) tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of money charged to and/or collected from Manhattan Beer customers as 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill and the date(s) of any charge(s).*

**Response to No. 3:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

4. *Documents and communications with Manhattan Beer management or governing body(ies) tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill that were waived or written off by Manhattan Beer, including without limitation the reason(s) Manhattan Beer waived or wrote off the amount(s) purportedly owed.*

**Response to No. 4:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Implementation of 10-Cent Deposit Fee

5. *Documents and communications with Manhattan Beer management or governing body(ies) regarding the development and implementation of Manhattan Beer's 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill, including without limitation Company's rationale for charging such fees. This request has no time limit.*

**Response to No. 5:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

6. *Documents and communications with Manhattan Beer management or governing body(ies) regarding Manhattan Beer's disclosure of the 10-cent deposit fee for cardboard to Manhattan Beer customers, including without limitation the decision to combine the 10-cent deposit for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage*

3

972271

containers required by the Bottle Bill with fees required by the Bottle Bill. This request has no time limit.

**Response to No. 6:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

7.  *Documents sufficient to identify the person(s) responsible for the development and implementation of Manhattan Beer's 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill. This request has no time limit.*

**Response to No. 7:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

8.  *Documents and communications with Manhattan Beer management or governing body(ies) regarding whether or not to charge certain customers or groups of customers the 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill. This request has no time limit.*

**Response to No. 8:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

9.  *The manuals, policies, guidelines, or similar documents used by Manhattan Beer employees that describe, explain, or touch on the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 9:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

10. *Communications concerning Manhattan Beer's manuals, policies, guidelines, or similar documents that describe, explain, or touch on 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 10:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

## Communications Regarding 10-Cent Deposit Fee

11. *Documents and communications with Manhattan Beer management or governing body(ies) regarding the type, content, and level of communication Manhattan Beer had with its customers regarding the following conduct addressed in the operative complaint:*

   a. *10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

   b. *Manhattan Beer's justification for charging an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill to its customers;*

   c. *Manhattan Beer customers that were not charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

   d. *Whether Manhattan Beer customers would be charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

   e. *Recouping the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 11:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

12. *Documents and communications from, with, or to Manhattan Beer's customers or third parties, including without limitation governmental authorities, attorneys for third parties, auditors, investors, competitors, consumer advocates, trade groups, journalists, new organizations, advertising partners, payment processors, vendors, contractors, consultants, public relations personnel, or any other third party regarding the following conduct addressed in the operative complaint:*

   a. *10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    b.    *Manhattan Beer's justification for charging an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill to its customers;*

    c.    *Manhattan Beer customers that were not charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    d.    *Whether Manhattan Beer customers would be charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    e.    *Recouping the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 12:** Based on the agreement of the parties reached during meet and confers, Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control except that this response shall not include customer invoices. The production will be completed by the deadlines set forth in the parties' discovery plan.

    13.    *Documents and communications with Manhattan Beer management or governing body(ies) concerning the following conduct addressed in the operative complaint:*

    a.    *10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    b.    *Manhattan Beer's justification for charging an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill to its customers;*

    c.    *Manhattan Beer customers that were not charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    d.    *Whether Manhattan Beer customers would be charged an additional 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill;*

    e.    *Recouping the 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

972271

**Response to No. 13:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Deposit Refunds

14. *Communications from or to Manhattan Beer's customers regarding a request for a refund or return for partial or full amounts paid for 10-cent deposit fees for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill, including without limitation recordings, transcriptions, email correspondence, and letters.*

**Response to No. 14:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Individual Defendants

15. *Documents and communications showing the Individual Defendants' involvement in the development and implementation of Manhattan Beer's 10-cent deposit fee for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill, including without limitation the rationale for charging deposit fees for items other than beverage containers, whether or not to charge certain customers or groups of customers deposit fees for items other than beverage containers, and whether and how to disclose deposit fee items not attributable to the 5-cent deposit on beverage containers required by the Bottle Bill.*

**Response to No. 15:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Corporate Structure and Hierarchy

16. *Corporate organization charts or other documents sufficient to show Manhattan Beer's corporate organization and any affiliate companies or entities, as well as any changes to such organization from January 1, 2016, to the present.*

**Response to No. 16:** Defendants object to this Request to the extent that it seeks production of documents concerning affiliate companies or entities. Based on the agreement of the parties reached during meet and confers, Defendants will produce non-privileged, responsive documents

7

or electronically stored information, if any, within their possession, custody, and/or control limited to Manhattan Beer. The production will be completed by the deadlines set forth in the parties' discovery plan.

17. *Phone directories, internal directories, human resources directories, or other documents sufficient to show each member of Manhattan Beer's management structure, as well as any changes to Manhattan Beer's management structure from January 1, 2016, to the present.*

**Response to No. 17:** Defendants object to this Request on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and burdensome. Based on the agreement of the parties reached during meet and confers, Defendants will produce organization charts or other documents sufficient to show Manhattan Beer's management structure. The production will be completed by the deadlines set forth in the parties' discovery plan.

18. *Organization charts, contact lists, phone lists, or other organizational documents containing any information about the officers, managers, employees, team(s), department(s), group(s) and division(s) involved in any facet of setting Manhattan Beer's Deposit Practices, including all such revisions to the aforementioned documents.*

**Response to No. 18:** Defendants object to this Request on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and burdensome. Based on the agreement of the parties reached during meet and confers, Defendants will produce organization charts or other documents sufficient to identify the officers, managers, employees, team(s), department(s), group(s) and division(s) involved in setting Manhattan Beer's Deposit Practices. The production will be completed by the deadlines set forth in the parties' discovery plan.

19. *Documents sufficient to identify all Manhattan Beer directors, officers, or employees involved in Deposit Practices.*

**Response to No. 19:** Defendants object to this Request on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and

8

972271

burdensome. Based on the agreement of the parties reached during meet and confers, Defendants will produce organization charts or other documents sufficient to identify employees of Manhattan Beer that had relevant managerial responsibilities over Manhattan Beer's Deposit Practices. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Record-Keeping Procedures and ESI Documents

20. *Documents sufficient to show Manhattan Beer's policies and procedures concerning the retention and/or destruction of documents, as well as any changes to such policies and procedures from January 1, 2016, to the present.*

**Response to No. 20:** The Court sustained Defendants' objection to this Request.

21. *Documents sufficient to show Manhattan Beer's system schematics, network topology, system restart procedures, email retention policies, and disaster recovery plan, as well as any changes to such policies and procedures from January 1, 2016, to the present.*

**Response to No. 21:** The Court sustained Defendants' objection to this Request.

22. *Documents sufficient to show Defendants' email systems, including current, backed-up, or archived programs, accounts, unified messaging, server-based email, web-based email, outlook email, exchange servers, SQL servers, domain names, and addresses.*

**Response to No. 22:** The Court sustained Defendants' objection to this Request.

23. *Manuals, policies, guidelines, or similar documents describing Manhattan Beer's information technology systems and practices, including without limitation documents covering the following subjects:*

   a. *the use of loose or removable media in workstations, computers, and networks.*

   b. *corporate level file shares; i.e., where all documents including Word documents, Excel Spreadsheets, and PowerPoint, are stored.*

   c. *networks, including information exchange components such as, Ethernet, token- ring, or network interface cards.*

**Response to No. 23:** The Court sustained Defendants' objection to this Request.

24. *Documents sufficient to show the name, title, and job responsibilities of the Manhattan Beer personnel with responsibility for Manhattan Beer's information technology infrastructure, incident response, and data recovery, as well as any changes to these personnel from January 1, 2016, to the present.*

9

972271

**Response to No. 24:**  The Court sustained Defendants' objection to this Request.

25.  *Documents concerning any system used to track collection of 10-cent deposit fees from Manhattan Beer customers for cardboard or deposit fees otherwise not attributable to the 5-cent deposit on containers required by the Bottle Bill.*

**Response to No. 25:**  The Court sustained Defendants' objection to this Request.

26.  *The non-privileged metadata of Manhattan Beer's litigation hold documents, including the identity of the hold recipient.*

**Response to No. 26:**  The Court sustained Defendants' objection to this Request.

27.  *Field trees, data maps, dictionaries, or equivalent descriptive documents for all databases, data warehouses, data lakes, or similar data stores.*

**Response to No. 27:**  The Court sustained Defendants' objection to this Request.

28.  *All database data regarding that involves or touches on Manhattan Beer's Deposit Practices, including field trees for all databases.*

**Response to No. 28:**  Defendants object to this interrogatory on the grounds that it seeks material which is not relevant to any party's claim or defense, is vague, ambiguous, overbroad and burdensome and improperly seeks "discovery on discovery".  Pursuant to the Court's instruction, Defendants have agreed to meet and confer with Plaintiffs to limit the scope of this request.

<u>**Corporate Documents**</u>

29.  *Documents that identify or describe Manhattan Beer's policies, procedures, and strategies concerning identifying its Deposit Practices in its marketing or advertising of beverage sales to customers.*

**Response to No. 29:**  Defendants object to this interrogatory on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and burdensome.  Based on the agreement of the parties reached during meet and confers, Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control sufficient to identify or describe Manhattan Beer's policies, procedures, and strategies concerning identifying its Deposit Practices in its marketing or

10

advertising of beverage sales to customers. The production will be completed by the deadlines set forth in the parties' discovery plan.

30. *Exemplars of all form documents produced for distribution to Class Members, including without limitation credit applications, welcome letters, emails, enrollment forms, checklists, and disclosure materials.*

**Response to No. 30:** Defendants will produce non-privileged, responsive exemplars of such documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

### Customer Complaints

31. *Documents sufficient to show which department, division, team, etc., at Manhattan Beer handles inquiries regarding deposits or other charges to customers including refund requests, concerns, complaints, and/or cancellations.*

**Response to No. 31:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

32. *Exemplars of the manuals, memos, guidelines, directives, instructions, communications, emails, or other documents relating to how to handle complaints from customers about Manhattan Beer's Deposit Practices, including without limitation:*

    a.    *who should handle customer complaints about such practices;*

    b.    *what department, division, team, etc., at Manhattan Beer should handle customer complaints about such practices; and*

    c.    *scripts or other outlines to follow when responding to customer complaints about such practices.*

**Response to No. 32:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control. The production will be completed by the deadlines set forth in the parties' discovery plan.

33. *All complaints, in whatever form (written or oral), received by Manhattan Beer from customers related to your Deposit Practices, including without limitation recordings, transcriptions of phone calls of any such complaints, emails to Manhattan Beer, and customer*

11

*service records.*

**Response to No. 33:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control except for keg deposits. The production will be completed by the deadlines set forth in the parties' discovery plan.

34. *Documents and communications with Manhattan Beer management or governing body(ies) related to customers' response to Manhattan Beer's Deposit Practices, including without limitation customer complaints, customer service databases, and documents and communications concerning the propriety, ethics, and/or legality of Manhattan Beer's Deposit Practices..*

*Please note that this request includes without limitation: (i) all intra-company or inter-company communications; and (ii) communications with non-parties (e.g., consumers' attorneys, competitors, trade groups, regulatory bodies, etc.).*

**Response to No. 34:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control except for keg deposits. The production will be completed by the deadlines set forth in the parties' discovery plan.

35. *Documents and communications regarding, and/or reports of, complaints received from or responding to any Manhattan Beer officer, director, manager, employee, representative, independent contractor, or consultant concerning Manhattan Beer's Deposit Practices, including without limitation any response to such complaints.*

**Response to No. 35:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control except for keg deposits. The production will be completed by the deadlines set forth in the parties' discovery plan.

36. *Produce the pleadings and all other non-privileged documents in any individual or class action lawsuits or arbitrations that involve Manhattan Beer's Deposit Practices, including any and all litigation or non-litigation documents and communications.*

**Response to No. 36:**  Defendants do not possess documents responsive to this request.

37. *Produce the transcripts of all testimony given by Manhattan Beer in matters that involve Manhattan Beer's Deposit Practices, including in lawsuits, arbitrations, state or federal investigations, inquiries, or proceedings.*

> *Please note this request includes testimony of any Manhattan Beer officer, director, manager, employee, representative, independent contractor, or consultant.*

**Response to No. 37:**  Defendants do not possess documents responsive to this request.

38. *The documents produced by Manhattan Beer in any matters related to Manhattan Beer's Deposit Practices, including in lawsuits, arbitrations, or regulatory, municipal, state, or federal investigations, inquiries, or proceedings.*

**Response to No. 38:**  Defendants do not possess documents responsive to this request.

### Statements/Experts/Defenses

39. *All documents relating to or evidencing any written statements, affidavits, declarations, and/or responses to questionnaires or any other documents that you and/or your agents obtained from any persons with knowledge of any facts, claims, and/or allegations made in this matter, and any drafts of these documents.*

**Response to No. 39:** Defendants will produce non-privileged, responsive documents or electronically stored information, if any, within their possession, custody, and/or control.  The production will be completed by the deadlines set forth in the parties' discovery plan.

40. *All settlement agreements or other document(s) resolving any claims brought against Manhattan Beer relating to its Deposit Practices.*

**Response to No. 40:**  Defendants do not possess documents responsive to this request.

41. *All documents relating to this matter received pursuant to any Freedom of Information Act request or subpoena duces tecum issued to any third parties.*

**Response to No. 41:**  Defendants do not possess documents responsive to this request.

42. *As to each person who will or may be called as an expert to give an opinion and testimony in the trial in this matter, provide all documents provided to such persons by your agents, attorneys, representatives, and/or other persons acting on your behalf.*

**Response to No. 42:**  Defendants have not yet retained an expert witness and reserve their right to supplement this response if, and when, they hire an expert witness.

43. *As to each person whom you will or may call as an expert to give an opinion and testimony in the trial of this matter, provide the following:*

   a. *a complete and current version of such person's curriculum vitae, and a complete listing of every article, published or unpublished, authored, co-authored or edited by that person, in whole or in part;*

   b. *copies of all books, treatises, texts, articles, and all other materials relied upon by that person in rendering his or her opinion in this matter;*

   c. *all transcripts or recordings of that person's testimony at deposition or trial in a lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, administrative agency or court, in which that person has testified as an expert for the past four years;*

   d. *copies of such person's speeches, presentations at seminars, meetings and conferences, and the like that refer or relate in any way to the subject about which that person is expected to testify in this case; and*

   e. *all documents referring or relating to monies paid to such person or his or her designee, by you or by any agent, paralegal or attorney representing you, including, without limitation, bills, statements of services, invoices and checks.*

**Response to No. 43:** Defendants have not yet retained an expert witness and reserve their right to supplement this response if, and when, they hire an expert witness.

## Former Employees

44. *For any former employee whose job involved or touched on any aspect of Manhattan Beer's Deposit Practices in any way, including without limitation responding to customer concerns, designing, marketing or training materials, or developing financial strategies regarding deposits Manhattan Beer charged to customers, produce documents sufficient to identify that former employee's (1) name, (2) last known contact information (including address, phone, mobile, and email, where available), and (3) title(s) held at Manhattan Beer.*

**Response to No. 44:** Defendants object to this Request on the grounds that it seeks material which is not relevant to any party's claim or defense and is vague, ambiguous, overbroad and burdensome. Based on the agreement of the parties reached during meet and confers, Defendants have disclosed the identities of the current and former employees of Manhattan Beer that had relevant managerial or supervisory responsibilities over Manhattan Beer's Deposit Practices in

response to Plaintiffs' Interrogatory No. 1(a).

Dated: New York, New York
December 12, 2023

**DAVIDOFF HUTCHER & CITRON LLP**

By:  /s/ Peter M. Ripin
Peter M. Ripin
Eric J. Przybylko
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200 (Main Office)
(212) 286-1884 (Fax)
pmr@dhclegal.com
ep@dhclegal.com

*Attorneys for Defendants Manhattan Beer Distributors, LLC, Simon Bergson, and Michael McCarthy*

TO:

Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Ethan D. Roman
Nathan Rice
Tiasha Palikovic (TP-5697)
**WITTELS MCINTURFF PALIKOVIC**
305 Broadway, Floor 7
New York, New York 10007
Telephone: (914) 775-8862
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
edr@wittelslaw.com
nar@wittelslaw.com
tpalikovic@wittelslaw.com

Attorneys for Plaintiffs and the Proposed Class.

972271