

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NY 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
1211 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036
(202) 347-1117

May 6, 2024

**VIA ECF**

Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

        Re:    ***Cap 111 Enterprises LLC v. Manhattan Beer Distributors, LLC***;
              Case No. 7:22-cv-01408-CS-AEK

Dear Judge Krause:

      On behalf of defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson and Michael McCarthy (collectively, "Defendants"), we write in response to Plaintiffs' letter to Your Honor, dated May 1, 2024, seeking to compel Defendants to validate their ESI collection, review and production methodology; collect and review ESI from six additional document custodians; and respond to previously-overruled document requests and interrogatories seeking "discovery on discovery." For the reasons set forth below, the application should be denied.

      Plaintiffs' application is based on the false premise that Defendants' production is "deficient". In fact, however, nothing could be further from the truth. As this Court may recall, the parties literally spent months painstakingly negotiating an ESI protocol; negotiating and testing proposed search terms; exchanging numerous iterations of "hit lists"; and conducting a "test the rest" protocol, i.e., sampling non-hits (*see* ECF No. 103). This laborious process resulted in Defendants collecting over 1.6 million ESI documents; testing over 600 search terms; using over 400 search terms, including extremely broad terms proposed by Plaintiffs; and applying those terms to both non-custodial sources and custodial sources of Manhattan Beer's senior management team, some of whose ESI went back decades.

1001860

DAVIDOFF HUTCHER & CITRON LLP

May 6, 2024
Page 2

Significantly, Plaintiffs have failed to identify a single responsive document which they claim exists but was not produced much less come forward with even a shred of evidence suggesting gross negligence or other malfeasance. Instead, Plaintiffs seek to relitigate "discovery on discovery" to drive up costs, create undue burden and impose disproportionate and unnecessary discovery on Defendants.

In *Haroun v. ThoughtWorks, Inc.*, No. 20-civ-0100, 2020 WL 6828490, *1 (S.D.N.Y. Oct. 7, 2020), the Court stated:

> Ordinarily and traditionally, counsel is not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request. Producing counsel certifies, pursuant to Fed. R. Civ. P. 26(g), that they have made a reasonable inquiry and that, to the best of their knowledge, information and belief, the discovery response is complete and correct at the time it is made. In addition, attorneys, as officers of the court, are expected to comply with Rules 26 and 34 in connection with their search, collection, review and production of documents, including ESI. (cleaned up) (citations omitted).

A party seeking discovery on discovery must provide "an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*". *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490 at *1 (cleaned up) (citation omitted). In *Haroun*, the Court stated:

> Plaintiff has offered no such adequate factual basis here. It does not identify any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests. Nor, contrary to Plaintiff's assertion, does Plaintiff need to know all of Defendants' sources of ESI to determine whether documents have been deleted and, if so, whether they may be available from another source. Plaintiff can inquire at deposition both about the documents that have been produced and those that have not been produced and can review the document production itself for obvious gaps. If it creates a record, it may have a basis for discovery on discovery. It does not have such a basis now. *Id*. at *2.

1001860

**DAVIDOFF HUTCHER & CITRON LLP**

May 6, 2024
Page 3

Here, Plaintiffs have not provided any basis to question Defendants' good faith collection, review and production. Plaintiffs' alleged claim of "deficiency" is based on allegations that there were a "low" number of responsive documents and "significant gaps" in Defendants' production. However, the volume of produced documents and the alleged lack of responsive documents for certain requests do not constitute a deficiency. If they did, Plaintiffs' own production would be equally "deficient." Indeed, Defendants' ESI production responsiveness rates of 2.5% of search term hits and 0.13% of the entire ESI collection exceed Plaintiffs' rates of 2.2% and 0.03%, respectively.[1]

Plaintiffs assert that there are "substantive gaps" in the production because Defendants allegedly failed to produce documents concerning how the cardboard deposit -- which has been in effect for decades and predated ESI -- was "executed, taught to employees, evaluated or optimized" or detailing the deposit's "financial impact or relevant metrics". However, Plaintiffs' "hypothetical inference" that such documents exist is based on nothing more than sheer conjecture and speculation. *See 246 Sears Road Realty Corporation v. Exxon Mobil Corporation*, No. 09-civ-889, 2011 WL 13254283, *2 (E.D.N.Y. April 1, 2011) (denying motion to compel, court stated that plaintiff's arguments that there was "an absence of documents one would have expected to have been produced are entirely speculative and devoid of concrete evidence. Contrary to plaintiff's assertions, the fact that defendant has not produced certain documents does not mean that they possess them but are refusing to produce them") (cleaned up).

Significantly, Defendants specifically investigated the existence of documents concerning how the policy was "taught to employees" and advised Plaintiffs that there were none. In response to Plaintiffs' request for documents "tabulating, itemizing, recording, listing, summarizing and/or totaling" cardboard deposits, Defendants produced numerous general redemption analysis reports and advised Plaintiffs that there were no further responsive documents. In short, Defendants cannot produce documents which do not exist. *See Mason Tenders Dist. Council of Greater NY v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production since one cannot be required to produce the impossible… Plaintiffs must cite to specific evidence to challenge Defendants' assertions that no additional responsive documents exist"); *In re Terrorist Attacks on Sept. 11, 2001*, No. 08-MD-01570, 2023 WL 4447869, *4 (S.D.N.Y. Jul. 11, 2023) (denying motion to compel and rejecting deficiency claim, court stated "Plaintiffs provide no reason to doubt [defendant's] good faith averment that the items sought simply do not exist, or

---

[1] Plaintiffs collected 636,834 ESI documents and negotiated search terms which yielded 9,849 hits for review resulting in a total production of 426 documents. However, since the bulk of Plaintiffs' second production was a re-production of documents erroneously produced without agreed upon fields of metadata, the actual production was only 218 documents.

1001860

are not in its possession, custody or control… A party is not obliged to produce documents that it does not possess") (cleaned up) (citations omitted); *Gary Friedrich Enter., LLC v. Marvel Enter., Inc.*, 2011 WL 26223458, *1 (S.D.N.Y. June 21, 2011) (movant seeking to compel failed to meet burden when adversary represented it had performed search and found limited documents).

Plaintiffs' further request to "reopen" document discovery by adding six new custodians should also be rejected. Defendants' existing eleven custodians were chosen because they were senior management level employees likely to have been involved in implementing, executing and/or discussing cardboard deposits. Plaintiffs' request to add lower-level Manhattan Beer employees as custodians because they were administratively involved in fixing internal system coding errors for customers erroneously charged the cardboard deposit is neither reasonable nor proportional.

The cases cited by Plaintiffs are not to the contrary. In *Winfield v. City of New York*, No. 15-civ-05236, 2017 WL 5664852 (S.D.N.Y. Nov. 27, 2017), unlike here, plaintiffs presented concrete evidence that numerous responsive and non-privileged documents were not produced in connection with the technology-assisted predictive coding review (TAR) employed for the bulk of defendant's review. In *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134 (S.D.N.Y. 2009), the court held that search terms should be devised in consultation with the parties and tested for quality assurance which is precisely what the parties did here. Unlike here, the three out-of-state authorities cited by Plaintiffs primarily concerned testing the robustness of search terms in TAR cases. *See Dead Genius, LLC v. O2Cool, LLC*, 682 F.Supp.3d 727, *1 (N.D. Ill. 2023); *In re Diisocyanates Antitrust Litig.*, No. 18-MD-1001, 2021 WL 4295729 (W.D.Pa. Aug. 23, 2021); *City of Rockford v. Mallinckrodt ARD Inc.*, 326 F.R.D. 489 (N.D. Ill. 2018). Plaintiffs fail to cite any authority upholding or applying a burdensome validation protocol for a non-TAR manual review in the absence of gross negligence or other malfeasance.

Respectfully Submitted,

/s/ Eric J. Przybylko

Eric J. Przybylko

cc: All Counsel of Record (via ECF)