

May 6, 2024

<u>Via ECF</u>
The Hon. Andrew A. Krause
United States District Court
300 Quarropas St.
White Plains, NY 10601

Re:   *Cap 111 Enters. LLC v. Manhattan Beer Distrib., LLC*, No. 22 Civ. 1408 (CS) (AEK)

Dear Judge Krause,

Plaintiffs hereby respond to Defendants' pre-motion letters (ECF Nos. 168–19) seeking to: (1) require Plaintiffs to perform burdensome and disproportionate discovery regarding exemplar invoices from other beer distributors in order to provide Defendants undisputed information they already possess; and (2) warp the spirit of an ESI Protocol provision to require Plaintiffs to perform a wasteful privilege log exercise that the Protocol seeks to prevent.

### 1. <u>Defendants Have No Grounds Nor the Need for Even More Exemplar Invoices</u>

Defendants' request for additional exemplar invoices, ECF No. 168, is not only burdensome and disproportionate to the needs of this case but also seeks to **prove a point that is not in dispute**: namely, that Plaintiffs paid deposits to some other distributors that assessed (or did not assess) similar charges (*e.g.*, charged a $1.30 deposit for a 24-pack). As Your Honor stated when Defendants first raised this topic, "this particular set of requests . . . is getting at a set of issues that I think is barely in dispute, if at all in dispute." ECF No. 168-1 at 70:15–21. Your Honor also noted "that a lot of ESI discovery on that point is . . . I'm not sure that that's the best way of getting at that information because I'm not sure that the Plaintiffs even dispute that." *Id.* at 52:17–20; *see also id.* at 55:2–5 ("I understand there's a relevance argument, but it seems to me there's also a legitimate proportionality issue here when I don't really even think this point is in dispute."). Plaintiffs confirmed at the same conference that we do not dispute this point. *Id.* at 52:21–53:3. Disregarding the Court's suggestion to pursue this uncontested information via more efficient means such as a stipulation or written discovery, *id.* at 53:4–10; *see also id.* at 74:16–18 ("there are other ways of getting at this information, including some of the ways that I have suggested"), Defendants instead demand burdensome and disproportionate document discovery.

To be sure, at the August 2023 conference the Court ordered the parties to confer on additional steps to determine whether Plaintiffs possessed and could produce exemplar invoices and for Plaintiffs to "double-check" whether any hard-copy materials were accessible and could be searched. That is exactly what Plaintiffs did. The undersigned counsel personally performed a search of approximately two dozen bankers' boxes containing invoices (beer, food, and other) and various other types of documents unrelated to this litigation, and Plaintiffs produced all documents found as a result of that search.[1] This is undisputed. That Defendants are dissatisfied with the

---

[1] Any suggestion by Defendants that the timing of the production Plaintiff's exemplar invoices is somehow nefarious should be disregarded, as the timing of Plaintiffs' production simply reflects the stay imposed pending mediation.

quantity of documents resulting from that search is of no moment, and instead merely reflects the limitations of hard copy records. Moreover, as Your Honor stated at the August 23 conference, "there may need to be further inquiry about this [*i.e.*, the hard copy files] at depositions some day . . . ." ECF No. 168-1 at 70:22–25. Thus, it is deposition inquiry—rather than yet another round of hard copy and ESI discovery—that is the appropriate course for Defendants to pursue if they are intent on determining why the hard copy search undertaken thus far did not yield as many exemplars as they believe it should have.[2]

Moreover, and critically, Defendants already possess the exact types of documents they are seeking. Plaintiffs agree that their document production included an invoice that does not hide an additional charge under the guise of state-mandated deposits. ECF No. 168-2 (invoice for Oak Beverages with a separate line item for "M[o]th[e]r C[arton]"). Plaintiffs also produced invoices that show (1) an additional fee hidden in the same manner challenged here, **Ex. A** at 1, MBPLS000000485; and (2) no additional fee, *id.* at 2, MBPLS000000488. Accordingly, Defendants have already received exactly what the Court permitted them to seek, namely documents "sufficient to identify" the topics of inquiry specified in their requests. *See* **Ex. B** at 5, Defs.' 3rd RFPs Nos. 5-6.

As to Defendants' requested relief, it far oversteps what is needed or appropriate here. First, there are no grounds for the production of all hard-copy documents to Defendants. *Cf. Aviles v. S&P Global, Inc.*, No. 17 Civ. 2987 (JPO) (KHP), 2021 WL 2077932, at *4 (S.D.N.Y. May 24, 2021) ("It is well-established that a party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents responsive to the party's document requests." (quotation omitted)). The same should hold here: Defendants' only grounds to support their request to inspect the hard copy documents is that they wish to find additional responsive documents, without any grounds to show that Plaintiffs' counsel's search was inadequate.

Second, Defendants' request for Plaintiffs to provide a litany of information about Plaintiffs' searches of ESI—including and in particular, the identification of particular individuals employed by other beer distributors—is pure make-work. This is not only discovery on discovery, but discovery on discovery relating to non-parties in the case. As Your Honor previously noted, such efforts are unwarranted without showing a discovery deficiency. **Ex. C**, 4/23/2023 Hr'g Tr. at 17:13–18:7 (discovery on discovery is premature absent "an adequate factual basis"). Defendants have identified no deficiency here and their request for such make-work should be denied.

2. **Plaintiffs' Privilege Log Complies With the ESI Protocol**

Defendants' request for Plaintiffs to supplement their privilege log should likewise be denied because it based on misinterpretation of the ESI Protocol and unsupported conjecture about the existence of documents Defendants inexplicably believe must have been created. ECF No. 170.

---

[2] Although Defendants never raised the possibility of ESI searches until Plaintiffs began producing exemplar invoices, Plaintiffs agreed to conduct ESI searches to see if additional exemplar invoices were readily accessible in that manner. After running those searches, we concluded that they were not—the searches yielded either a handful of clearly non-responsive results or an unreasonably large number of facially non-responsive results. For example, a search for "Star" and "invoice" includes over 100 facially non-responsive results. Reviewing several hundred documents for a point that is not in dispute is not proportionate to the needs of the case.

First, Defendants' request relies on a restrictive and nonsensical interpretation of ESI Protocol that Defendants did not discuss with Plaintiffs prior to filing. Defendants' failure to meet and confer about their rationale for moving to compel production on this basis is immediately apparent—it is not serious. The ESI Protocol exempts from privilege logs "any withheld documents and communications sent directly (but not copied or blind-copied) to outside counsel created after February 23, 2022." ECF No. 103 § V.5(a). This provision's purpose is to avoid burdensome logging of routine communications between parties and outside counsel after litigation commences. The reason the ESI Protocol requires logging of emails where outside counsel is merely copied or blind-copied is to decrease the possibility of parties attempting to manufacture privilege and avoid scrutiny by merely copying outside counsel on routine non-privileged communications. But Defendants' interpretation of this provision is that parties should only be exempt from logging documents sent *to* outside counsel, not exempt from logging documents sent *from* outside counsel. This hyper-technical interpretation should be rejected because it makes no sense and is clearly not the provision's intent.[3]

Second, Defendants ask for an order compelling production of a different privilege log because they believe that Plaintiffs *must have* sent emails to their counsel prior to the filing of the Complaint. As Plaintiffs' log plainly makes clear, no such emails exist. Defendants' incredulity is not a basis upon which to grant a motion to compel—nor would any such order to compel yield additional documents. Defendants' motion to compel should be denied.[4,5]

Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

/s/ Ethan D. Roman
    Ethan D. Roman

*Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record (*via ECF*)

---

[3] Indeed, Plaintiffs are not taking the position that Defendants must log communications sent from outside counsel to Defendants after February 23, 2022.

[4] It is unclear whether Defendants believe a categorical privilege log is required, *see* ECF No. 170 at 2, but to the extent they do, Defendants are plainly incorrect. ECF No. 103 § V.4 ("the Parties *may* employ categorical privilege logs") (emphasis added).

[5] To the extent Your Honor agrees that additional logging is technically required by the ESI Protocol, Plaintiffs hereby seek relief from that provision and respectfully request the provision be considered amended to exempt emails to and from outside counsel. *See I-Med Pharma Inc. v. Biomatrix, Inc.*, No. 03 Civ. 3677 (DRD), 2011 WL 6140658, at *3 (D.N.J. Dec. 9, 2011) (granting relief from discovery order due to burden imposed).