# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, LIVANOS RESTAURANT INC., MODERNE BARN, ARMONK, INC., NEW OCEANA RESTAURANT CORP., GREAT FOOD 57TH ST LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, and LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   - against -<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, and MICHAEL MCCARTHY,<br><br>       Defendants. | 22 Civ. 1408 (CS) (AEK)<br><br>**DEFENDANTS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |

  **PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules for the Southern and Eastern Districts of New York, defendants Manhattan Beer Distributors, LLC ("Manhattan Beer"), Simon Bergson ("Bergson") and Michael McCarthy ("McCarthy"), by and through their attorneys, Davidoff Hutcher & Citron LLP, hereby request that plaintiffs Cap 111 Enterprises LLC, Livanos Restaurant Inc., Moderne Barn, Armonk, Inc., New Oceana Restaurant Corp., Great Food 57th St LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC (collectively, "Plaintiffs") respond and produce all documents within their possession, custody, or control described herein by delivering same to the offices of Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, New York 11530, within the time prescribed by the Federal Rules of Civil Procedure.

974840

**DEFINITIONS**

1. "Bottle Bill" means the New York State Returnable Container Act of 1982, Art. 27, Title 10 of the N.Y. ENV'T CONSERV. LAW §§ 27-1001 to 27-1019.

2. "Second Amended Complaint" refers to the Second Amended Class Action Complaint, dated October 13, 2022.

3. "Class Member" means all individuals and entities who are members of the proposed class defined in the Second Amended Complaint.

4. "Individual Defendants" means and refers to Bergson and McCarthy.

5. "Plaintiffs" means Cap 111 Enterprises LLC, Livanos Restaurant Inc., Moderne Barn, Armonk, Inc., New Oceana Restaurant Corp., Great Food 57th St LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC and all of their present or former agents, members, representatives, employees, independent contractors, successors and assigns, and all other persons acting or purporting to act on their behalf.

6. "Communication(s)" has the meaning set forth in Local Civil Rule 26.3(c)(1).

7. "Concerning" has the meaning set forth in Local Civil Rule 26.3(c)(7).

8. "Manhattan Beer" shall mean Manhattan Beer Distributors, LLC, and all of its present or former agents, members, representatives, employees, independent contractors, successors and assigns, and all other persons acting or purporting to act on behalf of it.

9. "Defendants" shall mean collectively Manhattan Beer, Bergson and McCarthy.

10. "Document(s)" has the meaning set forth in Local Civil Rule 26.3(c)(2).

11. "Identify" (with respect to Persons) has the meaning set forth in Local Civil Rule 26.3(c)(3).

974840

12. "Identify" (with respect to Documents) has the meaning set forth in Local Civil Rule 26.3(c)(4).

13. "Including" means "including, but not limited to" and "including, without limitation."

14. "Person(s)" has the meaning set forth in Local Civil Rule 26.3(c)(6).

## INSTRUCTIONS

1. If any document requested to be produced was, but is no longer, in the possession or control of Plaintiffs or their respective agents, or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and, if so, to whom; or (d) otherwise disposed of. In each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

2. All drafts shall be produced, as well as all back-up copies and "deleted" files on a computer or computer storage device or media, and all copies that are non-identical to the original.

3. If copies are produced, the reverse side of a document shall be copied, unless it is completely blank.

4. Each request contemplates production of all documents in their entirety, without abbreviation or expurgation.

5. Each paragraph or subparagraph herein shall be construed independently and without reference to any other paragraph or subparagraph for the purpose of limiting its scope.

6. If any specific request cannot be complied with in full, then it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

974840

7. As to all documents withheld from production under this request because of a claim of privilege, state in privilege log format:

1. the author or authors of the document;

2. each person to whom the original or a copy of the document was sent;

3. the date of the document;

4. the subject matter of the document; and

5. the basis for the claim of privilege.

8. Responsive documents, including electronically stored information, shall be produced in accordance with the production specifications set forth in Plaintiffs' First Set Of Requests For The Production Of Documents To Defendants, dated December 20, 2022.

10. This document request is continuing and requires further and supplemental production of all responsive documents which are obtained after the date of initial production.

## DOCUMENT REQUESTS

1. Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits paid by Plaintiffs to Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes prior to January 1, 2016.

2. Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits refunded to Plaintiffs by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes prior to January 1, 2016.

3. Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits paid by Plaintiffs to beverage distributors other than Manhattan Beer for cardboard boxes prior to January 1, 2016.

974840

4. Documents tabulating, itemizing, recording, listing, summarizing and/or totaling the amount of deposits refunded to Plaintiffs by beverage distributors other than Manhattan Beer for cardboard boxes prior to January 1, 2016.

5. Documents sufficient to identify beverage distributors other than Manhattan Beer from which Plaintiffs purchased bottled beverages. This request has no time limit.

6. Exemplars of invoices received by Plaintiffs from beverage distributors other than Manhattan Beer sufficient to identify such distributors' method(s) of invoicing Plaintiffs for purchases of bottled beverages and/or cardboard boxes. This request has no time limit.

7. Documents concerning Plaintiffs' return, sale, transfer or other disposition of beverage containers (excluding kegs) and/or cardboard boxes received from Manhattan Beer prior to January 1, 2016.

8. Contracts between Plaintiffs and Manhattan Beer prior to January 1, 2016.

9. Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

10. Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 concerning deposits refunded by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

11. Correspondence between Plaintiffs and Manhattan Beer prior to January 1, 2016 relating to Manhattan Beer's invoices.

12. Communications between Plaintiffs prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

974840

13. Internal communications between Plaintiffs' respective agents and/or employees prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

14. Documents prior to January 1, 2016 concerning deposits charged by Manhattan Beer for cardboard boxes.

15. Documents prior to January 1, 2016 concerning Plaintiffs' return of empty beverage containers (excluding kegs) and/or cardboard boxes to Manhattan Beer.

16. Documents prior to January 1, 2016 concerning how, and when, Plaintiffs discovered Manhattan Beer's deposit charges for cardboard boxes.

17. Documents prior to January 1, 2016 concerning Plaintiffs' understanding of deposit charges contained on Manhattan Beer's invoices.

18. Documents prior to January 1, 2016 concerning Plaintiffs' objections to Manhattan Beer's deposit charges for cardboard boxes.

19. Correspondence between Plaintiffs and any third-party prior to January 1, 2016 concerning deposit charges by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

20. Correspondence between Plaintiffs and any third-party prior to January 1, 2016 concerning deposit refunds by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

21. Correspondence or documents prior to January 1, 2016 concerning communications and/or actions taken by Plaintiffs as a direct and proximate result of Plaintiffs learning of the deposit charges by Manhattan Beer for cardboard boxes.

974840

22.     Correspondence or documents prior to January 1, 2016 concerning attempts by Plaintiffs to return or sell cardboard boxes provided to Plaintiffs by beverage distributors other than Manhattan Beer.

23.     Complaints, in whatever form (written or oral), sent by Plaintiffs to Manhattan Beer prior to January 1, 2016 concerning deposits charged by Manhattan Beer for beverage containers (excluding kegs) and/or cardboard boxes.

24.     Documents concerning Plaintiffs' knowledge of the existence of the Bottle Bill, the deposit(s) provided for therein, and/or the amount of such deposit(s).  This request has no time limit.

25.     Correspondence between Plaintiffs regarding the Bottle Bill.  This request has no time limit.

26.     Database data, including point of sale data maintained by Plaintiffs, concerning payment or refund of deposits on beverage containers or cardboard boxes paid to or received from Manhattan Beer.  This request has no time limit.

27.     Database data, including point of sale data maintained by Plaintiffs, concerning payment or refund of deposits on beverage containers or cardboard boxes paid to or received from beverage distributors other than Manhattan Beer.  This request has no time limit.

28.     Database data concerning amounts received by Plaintiffs for redemption of beverage containers from any source, including Manhattan Beer, beverage distributors other than Manhattan Beer, redemption centers or reverse vending machines.  This request has no time limit.

29.     Database data that relates to or reflects Plaintiffs' responses to Defendants' practice of including an additional 10-cent charge with the bottle deposit charge, including any notes,

974840

analysis or categorization of information related to those responses. This request has no time limit.

Dated: New York, New York
       June 1, 2023

DAVIDOFF HUTCHER & CITRON LLP

By:    */s/ Peter M. Ripin*
      Peter M. Ripin
      Eric J. Przybylko
   605 Third Avenue, 34th Floor
   New York, New York 10158
   Tel:   (212) 557-7200
   pmr@dhclegal.com
   ep@dhclegal.com
   *Attorneys for Defendants*

974840