# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC, <br><br> on behalf of themselves and all others similarly situated, <br><br>                       Plaintiffs, <br><br>         v. <br><br> MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY, <br><br>                   Defendants. | Civil Case No.: 22 Civ. 1408 (CS) (AEK) |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

Plaintiffs Cap 111 Enterprises LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC (collectively, "Plaintiffs"), on their own behalf and on behalf of the members of the Class defined below, and Defendants Manhattan Beer Distributors, LLC ("Manhattan Beer Distributors" or "Company"), Simon Bergson, and Michael McCarthy (collectively, "Manhattan Beer" or "Defendants") (together, the "Parties"), hereby enter into this Class Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") pursuant to Federal Rule of Civil Procedure 23, subject to this Court's approval.

## I.   RECITALS

1.     WHEREAS on February 18, 2022, this proposed class action ("Action") was filed in the United States District Court for the Southern District of New York under the caption *Cap 111 Enterprises LLC, on behalf of itself and of all others similarly situated v. Manhattan Beer Distributors, LLC and Simon Bergson*, No. 22 Civ. 1408, alleging violation of New York's General Business Law § 349, and pleading additional causes of action for common law fraud, fraudulent concealment, negligent misrepresentation, and unjust enrichment.  ECF No. 1;

2.     WHEREAS on May 31, 2022, a First Amended Class Action Complaint was filed with Livanos Restaurant Inc., Moderne Barn, Armonk, Inc., New Oceana Restaurant Corp., Great Food 57th St LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC added as Plaintiffs, Michael McCarthy added as a Defendant, and adding alleged violations of the Racketeer Influenced and Corrupt Organizations Act and New York's Bottle Bill (N.Y. Env't Conserv. Law § 27-1001 to 27-1019), and causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and public nuisance.  ECF No. 19;

3.      WHEREAS on October 6, 2022, the Parties appeared before the Honorable Cathy Seibel regarding a dispute on Defendants' proposed motion to dismiss the First Amended Class Action Complaint, and Plaintiffs' request for leave to file a Second Amended Class Action Complaint, as well as Plaintiffs' request to commence discovery;

4.      WHEREAS on October 13, 2022, Plaintiffs filed a Second Amended Class Action Complaint, further particularizing their allegations.  ECF No. 30;

5.      WHEREAS on December 2, 2022, Defendants served Plaintiffs with a motion to dismiss the Second Amended Class Action Complaint, which motion was filed on the public docket on February 23, 2023 ("Motion to Dismiss").  ECF No. 46;

6.      WHEREAS on June 29, 2023, by way of Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs voluntarily dismissed the claims of Plaintiffs Livanos Restaurant Inc., Moderne Barn, Armonk, Inc., New Oceana Restaurant Corp., Great Food 57th St LLC.  ECF No. 114;

7.      WHEREAS on August 31, 2023, the Parties appeared before Judge Seibel, and this Court granted in part and denied in part the Motion to Dismiss, sustaining the causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act, New York's General Business Law § 349, common law fraud, fraudulent concealment, and negligent concealment, and dismissing the causes of action for unjust enrichment, breach of contract, breach of the covenant of good faith and fair dealing, violation of New York's Bottle Bill, and public nuisance;

8.      WHEREAS on September 21, 2023, Plaintiffs filed a Third Amended Class Action Complaint, ECF No. 149, conforming Plaintiffs' allegations with the Court's Order on the Motion to Dismiss.  The Third Amended Class Action Complaint is the operative Complaint in this Action;

9.      WHEREAS the Parties commenced discovery on October 28, 2022 and have conducted significant discovery to date, including: (1) twenty-one interrogatories and seventy-one requests for production issued by Plaintiffs; (2) fourteen interrogatories and over 100 requests for production issued by Defendants; (3) negotiating a detailed ESI protocol that was endorsed by the Court on May 23, 2023, ECF No. 103; after which the parties engaged in lengthy and comprehensive ESI discovery efforts including negotiating the identification and collection of custodial and non-custodial data sources, extensive search term negotiations, keyword quality control testing including 16 rounds of search term hit report testing and a negotiated protocol by which non-search hits were sampled and tested; (4) upon the conclusion of this process Defendants ultimately produced 1,666 internal documents and over 49 million lines of relevant data (8.3 gigabytes of data) all of which were reviewed and analyzed by Plaintiffs' Counsel or their experts, and Plaintiffs produced 426 internal documents;

10.      WHEREAS during the course of discovery Plaintiffs engaged numerous consultants and experts to assist in this matter, including five consultants and/or expert witnesses in the fields of ESI discovery, database discovery and data science, and economic damages.

11.      WHEREAS over the course of the Action, the Parties vigorously litigated this matter, including:

     a.      Appearing before Magistrate Judge Andrew E. Krause eight times for case management and discovery conferences to seek the Court's guidance on complex contested issues including the scope of class action and merits discovery, ESI source disclosures, privilege logs, the adequacy of document retrieval and production, and the timing of document production and deposition discovery;

b.    Filing more than ten substantive letters each arguing Party positions to Judge Krause in advance of the case management and discovery conferences. *See, e.g.*, ECF Nos. 53–55, 62–64, 93, 110–11, 119, 123–24, 129–30, 134–35, 138, 168–72;

c.    In addition to the discovery-related letters referenced above, the Parties filed detailed letters regarding the scope of Defendants' data production, *see* ECF Nos. 90, 92, 106–07, 109, and a contested application by Plaintiffs to supplement the Second Amended Complaint, *see* ECF Nos. 70, 87, 91, 97–98;

12.    WHEREAS in addition to vigorous litigation efforts, the Parties also promptly began discussing the parameters of a class action settlement following Judge Seibel's encouragement at the October 6, 2022 and August 31, 2023 conferences, which lengthy, comprehensive, and contested discussions culminated in the Parties' December 21, 2023 agreement to attend an in-person mediation in February 2024 facilitated by an experienced class action mediator. ECF No. 160. As part of the mediation process, the Parties further agreed to temporarily stay the litigation but expressly reserved the right to unilaterally reactivate the litigation if one or both Parties determined in the run up to or during mediation that in their judgment the mediation would be unsuccessful. *Id.*

13.    WHEREAS in preparation for mediation, Plaintiffs engaged in extensive pre-mediation damages, liability, and class certification analysis, including preparing comprehensive reports on liability and damages issues that required the analysis, with the assistance of a data scientist and an economist, of more than 49 million Class Member transaction records;

14.    WHEREAS Defendants performed a similarly detailed and comprehensive assessment of the claims and defenses in this matter and the evidence adduced in discovery that was relevant thereto;

15.    WHEREAS following this extensive and adversarial analysis, on February 1, 2024 the Parties submitted and exchanged comprehensive mediation statements setting forth their positions on *inter alia* the likelihood that this case could be maintained as a class action through trial, liability, and damages;

16.    WHEREAS on February 8, 2024, the Parties met for a full day in-person mediation before noted class action Mediator Martin F. Scheinman, Esq.;

17.    WHEREAS while the parties achieved some progress at the February 8, 2024 mediation they were unable to agree on various material settlement terms and on February 14, 2024, the Court lifted the stay, ECF No. 165, after which the Parties resumed active litigation;

18.    WHEREAS notwithstanding the resumption of litigation the Parties continued to pursue a separate settlement track and conducted additional arm's length settlement negotiations on April 16, May 30, and July 12, 2024;

19.    WHEREAS as a result of the Parties' continued settlement efforts, on July 16, 2024, the Parties requested that the Court enter a 30-day stay of all Court deadlines in preparation for a second day of mediation, ECF No. 180;

20.    WHEREAS on July 30, 2024, and August 7 the parties held settlement negotiations in advance of an August 15 mediation with Mediator Scheinman;

21.    WHEREAS following the August 15, 2024 mediation, the following day the Parties notified the Court that they had achieved a settlement in principle and on August 19, 2024, the Court entered an order further extending the stay by three months, while the Parties undertook the

process of finalizing a written class action settlement agreement, selecting a settlement administrator and designing a notice plan, and preparing the papers needed to present the settlement to the Court for preliminary approval and notice plan authorization; ECF Nos. 182–83;

22.    WHEREAS, on October 11, 2024 the Court further extended the stay by an additional thirty days; ECF No. 185;

23.    WHEREAS, the Parties agree that as a result Class Counsel's efforts Manhattan Beer voluntarily revised its practices to separately identify the contested $0.10 cardboard deposit fee on customer invoices apart from the deposit fees mandated by New York's Bottle Bill. Manhattan Beer's position is that it had no obligation to make this change.  While Plaintiffs disagree, this change was implemented and communicated to customers as of May 13, 2024;

24.    WHEREAS the Parties spent the period from August 15, 2024 to October 28 negotiating the final settlement terms.  As with all prior settlement negotiations and litigation in this matter, these discussions were vigorous and included comprehensive written correspondence and meet and confers among counsel on September 9, September 20, September 27, October 16, October 22, and October 28, 2024;

25.    WHEREAS the Parties have now negotiated and drafted this Agreement providing for a resolution of Plaintiffs' and the Class Members' claims;

26.    WHEREAS the Parties recognize that continued prosecution of this litigation would be protracted and expensive and the results uncertain.

27.    WHEREAS Defendants deny that they violate or have violated any statute, law, regulation or rule of law, or are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Action.  Nonetheless, without admitting or conceding any fault, wrongdoing, liability, or damages, Defendants agree to settle the Action on the terms and

conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Action;

28.     WHEREAS Class Counsel has thoroughly analyzed and evaluated the merits of the claims made against Defendants in the Action, obtained and reviewed extensive discovery relevant to class certification, liability, and damages, and based on their analysis and evaluation of multiple factors, recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might result in no recovery or a recovery that is less favorable to Class Members, and that any recovery would not occur for several years, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement represents a strong result for the Class and is in the best interests of Class Members;

NOW THEREFORE, the Parties, by and among themselves, and through their respective attorneys, hereby STIPULATE AND AGREE as follows:

## II.     DEFINITIONS

29.     "Action" means the case in the United States District Court for the Southern District of New York entitled *Cap 111 Enterprises, et al. v. Manhattan Beer Distributors, LLC, et al.*, No. 22 Civ. 1408 (CS) (AEK) (S.D.N.Y.).

30.     "Agreement" means this Class Action Settlement Agreement.

31.     "Class" or "Class Members" means all Manhattan Beer customers who purchased bottled beverages from Manhattan Beer and were charged a $0.10 deposit for cardboard mother cartons at any time between February 18, 2016 and May 13, 2024 and were not fully credited for all such deposits via redemption or refund, except the following: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee,

legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.  Applying these criteria to the data Defendants maintained on Class Member purchases in the ordinary course of Manhattan Beer's business, the Parties and their consultants jointly calculate that approximately 30,894 unique Manhattan Beer accounts qualify as "Class Members," with each unique account number considered an individual Class Member for purposes of this Agreement.  Defendants hereby certify that the above-referenced number of Class Members represents the most current and up-to-date information that Defendants have for Class Members.

32.     **"Class Counsel"** means Steven L. Wittels, J. Burkett McInturff, Tiasha Palikovic, and Ethan D. Roman of Wittels McInturff Palikovic.

33.     **"Class Representatives"** or **"Plaintiffs"** means the Plaintiffs who assert claims in the Third Amended Class Action Complaint, namely Cap 111 Enterprises LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC.

34.     **"Cost and Fee Award"** means any attorneys' fees and reimbursement of actual out-of-pocket expenses awarded by the Court to Class Counsel for work performed by Class Counsel, as well as any other firm that performed work approved by Class Counsel in writing on behalf of Plaintiffs.

35.     **"Court"** means the United States District Court for the Southern District of New York.

36.     **"Defendants"** or "**Manhattan Beer**" means Manhattan Beer Distributors, LLC, Simon Bergson, and Michael McCarthy.

37.     **"Effective Date"** means the date on which the Settlement becomes effective, which shall mean thirty (30) days following the Court's order granting final approval of the Settlement if no appeal is taken, or if an appeal is taken from the Court's order granting final approval of the Settlement, ten (10) days following the date on which the Court enters a final order and judgment after resolving any appeals, whichever is later.

38.     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon with counsel for the Parties.

39.     **"Excluded Class Member"** means any Class Member who has timely exercised their right to be excluded from the Class.

40.     **"Exhibits"** means the exhibits to this Agreement.

41.     **"Final Approval Hearing"** means a hearing to be conducted by the Court to determine the final fairness of the settlement embodied in this Agreement and whether to certify the Class for purposes of judgment on the proposal, provided that the Court grants preliminary approval and orders the Notice of Class Action Settlement, as provided for herein.

42.     **"Final Judgment"** means the Final Judgment and Order of Dismissal, as entered by the Court, substantially in the form attached hereto as **Exhibit 4**, which should not be entered before ninety (90) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(d).

43.     **"Manhattan Beer"** or "**Defendants**" means Manhattan Beer Distributors, LLC, Simon Bergson, and Michael McCarthy.

44.     **"Manhattan Beer's Counsel"** means Larry K. Hutcher, Peter M. Ripin, Eric J. Przybylko, and Davidoff Hutcher & Citron, LLP.

45.    **"Net Settlement Fund"** means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, less Settlement Administration Expenses and all amounts approved by the Court for any Cost and Fee Award or Service Award the Court may order for Plaintiffs.

46.    **"Notice Date"** means the date by which the notice called for by the Notice Plan is disseminated, which shall be no later than forty-five (45) days after entry of the Preliminary Approval Order.

47.    **"Notice of Class Action Settlement"** or the **"Notice"** means the form of written notice of this Settlement, as approved by the Court in the Preliminary Approval Order.  There are two versions of the Notice.  The version of the Notice that will be made available to Class Members on the Settlement Website will be substantially similar to **Exhibit 2**.  The version of the Notice that will be emailed or mailed to Class Members will be substantially similar to **Exhibit 1**.

48.    **"Notice Plan"** means the plan for providing notice to Class Members, which is described below in Section VI.

49.    **"Objection/Exclusion Deadline"** means the date by which a written objection to the Settlement or an exclusion request by a Class Member must be made to the Settlement Administrator in order to be timely, which shall be a date no later than sixty (60) days after the Notice Date.

50.    **"Parties"** means the Plaintiffs and Defendants.

51.    **"Preliminary Approval Order"** means the Court's order determining it will be likely to approve the Settlement under Rule 23(e)(2) and certify the Class for purposes of judgment, approving and directing notice, and setting the Final Approval Hearing, substantially in the form attached hereto as **Exhibit 3**.

52.    **"Released Claims"** means any and all actions, causes of action, claims, demands, controversies, disputes, grievances, liabilities, lawsuits, arbitrations, obligations, damages (including, without limitation, punitive, exemplary, statutory and multiple damages), penalties, sanctions, losses, debts, dues, sums of money, judgments, accounts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever, whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity or otherwise, from the beginning of the world to, and including, May 13, 2024 arising out of or related to or in connection with the allegations in the Action that were asserted or could have been asserted by the Releasing Parties against the Released Parties, or vice versa.

53.    **"Released Parties"** means Defendants and any and all of their present, former or future officers, directors, shareholders, owners, partners, employees, agents, members, managers, controlling persons, representatives, heirs, executors, administrators, attorneys, predecessors-in-interest, successors, assigns, legatees, parents, subsidiaries or other entities controlled by them, and affiliates, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

54.    **"Releasing Parties"** means the Plaintiffs and Class Members, and any and all of their respective present, former, and future officers, directors, shareholders, owners, partners, employees, agents, members, managers, controlling persons, representatives, heirs, executors, administrators, attorneys, predecessors-in-interest, successors, assigns, legatees, parents, subsidiaries or other entities controlled by them, and affiliates, and any and all of the parents',

subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

55.    **"Reserve Fund"** shall mean the Fifty Thousand Dollars and No Cents ($50,000.00) reserved within the Escrow Account to address errors and omissions in the calculation of Class Members' individual shares of the Settlement, including but not limited to (a) claims from individuals claiming to be Class Members but not identified as such by Defendants, (b) Class Members who correctly challenge their share of the Settlement Fund, and (c) Class members who have reasonable explanations for not having timely cashed their checks.  The reserve fund shall remain open through the 18-month anniversary date of the Effective Date.

56.    **"Service Award"** means any amount awarded by the Court to Plaintiffs following their motion or application for such award.

57.    **"Settlement Administration Expenses"** means the reasonable expenses incurred by the Settlement Administrator in providing Notice, responding to inquiries from Class Members, issuing settlement payments, related services, and the costs of the Escrow Account and Reserve Fund.  The Parties anticipate the total cost of Settlement Administration to be approximately $115,000 ("Estimated Settlement Administration Expenses"), which will be set aside from the Settlement Fund.  The Settlement Administrator has agreed to cap its fees at the amount of the Estimated Settlement Administration Expenses.  Notwithstanding the Parties' understanding that Settlement Administration Expenses shall not exceed the Estimated Settlement Administration Expenses, the Parties agree to negotiate in good faith as to any circumstances in which the Estimated Settlement Administration Expenses exceed what is otherwise normal for a case of this size.

58.     **"Settlement Administrator"** means Arden Claims Service LLC, which entity was selected by the Parties following a competitive bidding process and as appointed by the Court in the Preliminary Approval Order.

59.     **"Settlement Amount"** means Five Million Seven Hundred and Fifty Thousand Dollars ($5,750,000.00).

60.     **"Settlement Fund"** means the cash fund equal to the Settlement Amount, to be deposited by Manhattan Beer in accordance with the terms of this Settlement Agreement into the Escrow Account.  The Settlement Fund includes all interest and income that shall accrue on the sums deposited in the Escrow Account.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

61.     **"Settlement Website"** means the case-specific website containing the Notice and other Settlement documents maintained by the Settlement Administrator.

### III.     CERTIFICATION OF THE CLASS

62.     For purposes of the Settlement, Plaintiffs shall ask the Court to certify the Class under Federal Rule of Civil Procedure 23.

63.     The Defendants agree that this Action may be certified as a class action for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest class certification in the event that this Agreement fails to reach the Effective Date or is not fully implemented in accordance with its terms.  If the Settlement is not approved or this Agreement fails to be implemented fully, Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification for any purpose as if this Settlement Agreement had not been agreed to or submitted to the Court by the Parties.

64.    The Parties agree that, subject to Court approval, Class Counsel shall be appointed as Class Counsel and that Plaintiffs shall be appointed as Class Representatives pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to Defendants' right to contest these appointments in the event that this Agreement is not fully implemented in accordance with its terms.  If the Settlement is not approved or this Agreement fails to be implemented fully, Defendants reserve all rights to object to any subsequent motion to appoint class counsel or class representatives in this Action.

## IV.    SETTLEMENT CONSIDERATION

65.    Maximum Settlement.  The Parties agree to a definitive settlement of all claims, matters and issues related to the Action for a total aggregate settlement amount that will not exceed the Settlement Amount of $5,750,000.00.  The Settlement Fund will be paid by Manhattan Beer Distributors and will be used to make all payments associated with the Settlement including the Settlement Administration Expenses, all Service Awards and the Cost and Fee Award awarded by the Court.  Under no circumstances will Defendants pay more than the Settlement Fund.

66.    The Parties agree that this Agreement shall not be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Defendants of any fault, liability, or wrongdoing as to any facts or claims asserted in this Action (or any infirmity in the defenses it has asserted or could assert in the Action), or any other actions or proceedings, and shall not be so interpreted, construed, offered, or received in evidence or otherwise used against Defendants in any other action or proceeding, whether civil, criminal or administrative.

67.    Defendants deny any and all allegations of wrongdoing and maintain that Manhattan Beer's $0.10 deposit for cardboard mother cartons was adequately disclosed to customers and legally compliant and that all other claims and allegations asserted in this Action

- 14 -

are likewise inaccurate. Still, Defendants believe their resources are better spent continuing to focus on Manhattan Beer's business, and given that, Defendants think it is beneficial to fully and finally settle and terminate this Action in the manner specified and in accordance with the terms of this Agreement.

68.    In consideration for the mutual promises and covenants in this Agreement, including the releases set forth below, and the dismissal with prejudice of this Action following the Effective Date, Manhattan Beer shall provide the following settlement benefits to Class Members.

**A.    Business Practice Changes**

69.    Defendants agree that as a result of Class Counsel's efforts, on May 13, 2024, Manhattan Beer revised its practices to the benefit of Class Members and future Manhattan Beer customers by instituting and formalizing a practice by which Manhattan Beer separately invoices for the deposit fees mandated by New York's Bottle Bill, on the one hand, and the $0.10 cardboard deposit, on the other hand. The Parties also agree that on May 13, 2024, Defendants provided current Manhattan Beer customers with additional notice of the $0.10 cardboard deposit and the changed invoicing practices going forward, and Manhattan Beer began memorializing the $0.10 cardboard deposit in its customer credit applications. With the assistance of Mediator Martin F. Scheinman, Esq., the Parties reasonably valued these changes and enhancements of Manhattan Beer's deposit practices at not less than Two Million Six Hundred Thousand Dollars ($2,600,000.00), which negotiated valuation is based on the average annual alleged cardboard mother carton deposit overcharges for the six-year period from 2018 to 2023 multiplied by three years going forward. Defendants' position is that these business practice changes were voluntary and that Manhattan Beer had no obligation to make these changes.

B.     **Monetary Relief**

70.     Manhattan Beer agrees to pay and shall deposit in the Escrow Account, as set forth below, the total amount of Five Million Seven Hundred and Fifty Thousand Dollars ($5,750,000.00), as a cash Settlement Fund.

71.     Within fourteen (14) days after entry of the Preliminary Approval Order, Manhattan Beer shall deposit the Settlement Administration Expenses into the Escrow Account.

72.     Within fourteen (14) days after entry of Final Judgment, Manhattan Beer shall deposit the balance of the Settlement Fund into the Escrow Account.

73.     The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1 from which all payments associated with the Settlement, including the Settlement Administration Expenses, the Cost and Fee Award, the Service Awards and settlement payments to Class Members, shall be made.  Defendant Manhattan Beer Distributors shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund.  The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF.  Defendant Manhattan Beer Distributors shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status pursuant to Treas. Reg. §1.468B-l.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

74.     Under no circumstances will Defendants have any liability for taxes or tax expenses under the Settlement.  Plaintiffs, Class Counsel, and the Class are responsible for any taxes on their respective recoveries or awards.  Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Defendants or Defendants' Counsel.

75.     The Escrow Account shall be maintained at a depository institution insured by the Federal Deposit Insurance Corporation, which has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's).  Funds in the QSF shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts; (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less; (iii) United States Treasury bills; or (iv) other instruments backed by the full faith and credit of the United States Government.  The costs of establishing and maintaining the QSF shall be paid from the Settlement Fund.

76.     In no event shall Manhattan Beer's financial obligation under this Agreement exceed the amount of the Settlement Fund as provided for in this Section.

**C.     Distribution of the Settlement Fund**

77.     The Settlement Fund shall be distributed as follows:

a.     All of the following shall be paid or set aside from the Settlement Fund prior to distribution to the Class: Settlement Administration Expenses, the Cost and Fee Award(s), Service Award(s) and the Reserve Fund.  The remaining amount, plus any interest or investment income earned on sums deposited into the Escrow Account, shall constitute the Net Settlement Fund.

b.     Each Class Member's proportionate share of the Net Settlement Fund shall be distributed by the Settlement Administrator within ten (10) days after the Effective Date, or

such other date as the Court may set. The calculation, allocation, and distribution processes shall work as follows:

       i.     First, using the data produced by Defendants in discovery, the Parties shall determine the total monetary amount of the non-refunded or non-redeemed $0.10 cardboard mother carton deposits paid by the Class.

       ii.     Second, the parties shall determine each Class Member's "Percentage Allocation Number" by (1) determining the total monetary amount of the non-refunded or non-redeemed $0.10 cardboard mother carton deposits paid by each Class Member, divided by the total monetary amount of the non-refunded or non-redeemed $0.10 cardboard mother carton deposits paid by the Class.

       iii.     Third, the parties will then determine each Class Member's "Initial Individual Settlement Amount" by multiplying each Class Member's Percentage Allocation Number by the Net Settlement Fund.

       iv.     Fourth, for Class Members whose Initial Individual Settlement Amount is less than $25.00, those Class Members will be allocated a "Minimum Individual Settlement Amount" of $25.00. The total funds added to Class Members' Initial Individual Settlement Amount to ensure each Class Member is allocated at least the Minimum Individual Settlement Amount is referred to in this Agreement as the "Minimum Allocation Funds."

       v.     Fifth, the parties will subtract from the Net Settlement Fund the Minimum Allocation Funds. For Class Members not receiving a Minimum Individual Settlement Amount, the parties shall then determine each of those Class Member's Individual Settlement Amounts by multiplying that Class Member's Percentage Allocation Number by the Net Settlement Fund minus the Minimum Allocation Funds. The process outlined in Paragraph 77.iv–

v shall be repeated as many times as is necessary to ensure each Class Member receives at least the Minimum Individual Settlement Amount.

vi.    Sixth, the Settlement Administrator shall issue a check to each Class Member that is equal to that Class Member's Individual Settlement Amount.

vii.    Class Members shall have ninety (90) days after the date the check is issued to cash the check. Any Class Member who has not cashed their check within 45 days of the date of mailing of the checks shall receive a reminder notice that they were sent a settlement check and must cash their check within 90 days of issuance (*i.e.*, by a date certain). Any checks not cashed within that ninety (90) day period will become void. In such event, any Class Member whose check was not cashed will be bound by the releases set forth in this Agreement.

### D.    Settlement Administration

78.    The Settlement Administrator shall, under the supervision of the Court and the Parties, administer the relief provided by this Settlement Agreement by providing Notice in a reasonable, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Manhattan Beer's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court and the Parties as they may require. Without limiting the foregoing, the Settlement Administrator shall also receive requests to be excluded from the Class and promptly provide Class Counsel and Manhattan Beer's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms,

the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Manhattan Beer's Counsel.

79.     The Settlement Administrator and Class Counsel shall make all necessary efforts to ensure the security and privacy of Class Member information, which shall be deemed confidential; shall not use the information provided by Defendants in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting settlement administration; and will not share Class Member information with any third parties without advance consent from Defendants, except that Defendants consent to Class Counsel sharing Class Member information with consulting experts retained by Class Counsel for the purpose of implementing this Settlement, provided those experts have agreed to be bound by the Stipulated Protective Order entered on February 16, 2023 in the Action in this Action (ECF No. 43) (the "Protective Order").

## V.     **RELEASES**

80.     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

81.     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.

82.     Upon the Effective Date, Plaintiffs and each and every Class Member shall be bound by this Agreement, and each of them shall be enjoined from commencing or prosecuting

any action in any court or tribunal asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

83.     Upon the Effective Date, the Released Parties shall by operation of the Final Judgment have fully, finally, and forever released, relinquished, and discharged all claims against Plaintiffs, the Class, the Releasing Parties, Class Counsel, and any individual or entity that assisted Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the Settlement.

84.     Except as explicitly provided herein, nothing in this Agreement abrogates, supersedes, modifies, qualifies, ratifies, or assumes in any way any of the contractual terms and conditions any Party may contend are applicable to any relationship that may exist between Manhattan Beer and the Class Representatives or Class Members.

85.     Nothing in Section V of this Agreement shall be a bar to a claim, complaint, action, or proceeding for breach of this Agreement.

86.     The Releasing Parties and the Released Parties expressly waive any rights to bring any future or unknown claims arising out of or relating to the Action.  The Releasing Parties and the Released Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever settle this Action and release the Released Claims.

87.     At all times, including after the filing of a motion for settlement approval, Plaintiffs and Class Counsel agree not to make statements related to the Action that disparage Defendants. Plaintiffs and Class Counsel agree not to encourage others to make statements related to the Action that disparage Defendants.  Similarly, Defendants agree not to make statements related to the

Action that disparage the Plaintiffs or Class Counsel or to encourage others to make statements related to the Action that disparage Plaintiffs or Class Counsel. Violation of this non-disparagement provision entitles the aggrieved party to sue for an injunction, damages, or any other appropriate relief.

## VI.    CLASS ACTION SETTLEMENT NOTICE

88.    The Parties agree to provide notice of the Settlement to Class Members in accordance with the Notice Plan described in this Section VI. The Parties shall agree on the form and content of notices contemplated in the Notice Plan, which must be consistent with the guidelines of the Federal Judicial Center and the Notices attached hereto as **Exhibits 1** and **2**.

89.    <u>Direct Notice to the Class Members</u>. Direct notice of the Settlement will be made to Class Members as set forth below.

a.    No later than forty-five (45) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice of Class Action Settlement to the Class Members.

b.    Notice shall be conducted in accordance with this Notice Plan. The content of all forms of Notice, as specified in this Section VI, will be jointly agreed to by the Parties and approved by the Court.

c.    Class Members will be issued direct Notice that is substantially similar to **Exhibit 1** to the Settlement Agreement.

d.    Within twenty-one (21) business days following entry of the Preliminary Approval Order, in consultation with Class Counsel and the Settlement Administrator, Manhattan Beer shall provide to the Settlement Administrator and Class Counsel (to the extent available from Defendants' records) for all Class Members: full name, Manhattan Beer account number, all billing

address information, phone number, and email ("Class List"). The Class List shall be confidential and will be used by the Settlement Administrator and Class Counsel for settlement purposes only. Manhattan Beer shall also provide data sufficient to allow Class Counsel to link the Class List to the transaction data produced by Defendants in discovery.

e.    This contact information will include without limitation (1) email addresses, for those Class Members for whom Manhattan Beer has an email address; (2) mailing address for those Class Members for whom Manhattan Beer has a mailing address; (3) telephone numbers for those Class Members for whom Manhattan Beer has a telephone number; and (4) any available account number or unique customer identifier. At the time of providing the data in the aforementioned list and any additional information, Defendants shall certify that the data represents the most current and up to date information that Defendants have for Class Members.

90.    Direct Email Notice. By the Notice Date, the Settlement Administrator shall send direct email notice to all Class Members designed in a manner consistent with **Exhibit 1** as follows:

a.    The email notice will provide a hyperlink to the Settlement Website; will list contact information for the Settlement Administrator; and will provide information about the terms of the Settlement, Class Members' options, a list of important deadlines, and any other pertinent information.

b.    The email notice shall be sent by the Settlement Administrator to all Class Members for whom an email address is available.

c.    The Settlement Administrator will monitor the email notice program and optimize the delivery of email notices to maximize distribution. To ensure email notices are seen by as many Class Members as practicable, the Settlement Administrator will take reasonable steps to avoid its communications being flagged in spam filters. Such measures include using a

reputable email service provider, avoiding spam trigger words in subject lines, avoiding embedding forms and video, and staggering email batches. The Settlement Administrator will also use reasonable and customary efforts to obtain updated email addresses for those Class Members whose emails "bounce back" and to resend notices to the updated email addresses.

91.    <u>Direct Mail Notice</u>.  The Settlement Administrator shall send a postcard notice designed in a manner consistent with **Exhibit 1** to Class Members for whom either (i) no email address was included in the list of Class Member contact information provided by Manhattan Beer, or (ii) the emailed notice was determined by the Settlement Administrator not to have been delivered.   The Settlement Administrator is authorized to use all reasonable and customary measures to ascertain the mailing address for the Class Members referenced in the preceding sentence.  In issuing direct mail notice, the Settlement Administrator shall employ the following best practices to increase the deliverability rate of the mailed notices:

a.    The Settlement Administrator will cause the mailing address information for members of the Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

b.    Notices returned to the Settlement Administrator with a forwarding address will be re-mailed to the new address provided and the Settlement Administrator's Class Member database will be updated accordingly.

c.    Notices returned to the Settlement Administrator without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

d.      For any Class Members where a new address is identified through the skip trace process, the Settlement Administrator's Class Member database will be updated with the new address information and a Notice will be re-mailed to that address.

92.     <u>Website Notices</u>.  To allow for appropriate search engine indexing, the Settlement Administrator shall post the Settlement Website live on the internet a reasonable time prior to the Notice Date.   No later than the Notice Date, the Settlement Administrator will post the website notice (**Exhibit 2**) in a user-accessible format on the Settlement Website.

a.      Class   Counsel,   Manhattan   Beer's   Counsel,   and   the   Settlement Administrator will jointly agree upon and select the domain name for the Settlement Website.

b.      The Settlement Website will be user friendly and will allow Class Members to easily find and view information about this Settlement and will include answers to frequently asked questions; a list of important deadlines; and the contact information for the Settlement Administrator and Class Counsel.  The Settlement Administrator shall purchase all necessary security certificates to ensure the website appears secure in Class Members' browsers.   The Settlement Administrator shall also employ best practices for search engine optimization to assist Class Members who are actively searching for information about the Settlement.  The content of the Settlement Website and any materials posted on the Settlement Website shall be subject to approval of Class Counsel and Manhattan Beer's Counsel, including any additions or revisions to the Settlement Website design or content.

c.      The Settlement Website will remain active for at least one hundred and twenty (120) days following the Effective Date.

93.     <u>Call Center Hotline</u>.  At least twenty-four (24) hours prior to dissemination of the Notice, the Settlement Administrator shall establish a call center that will include a voice recorded

interactive voice response ("IVR") system that will (i) provide Class Members with responses to frequently asked questions and provide essential information regarding the Settlement, and (ii) allow Class Members to leave voice mail messages in order to receive a return telephone call from a live operator within 48 hours.  This hotline will be accessible 24 hours a day, 7 days a week.  The call center hotline will remain active for at least one hundred and twenty (120) days following the Effective Date.

94.    <u>Additional Settlement Administrator Responsibilities</u>.   In addition to the other responsibilities outlined in this Agreement, the Settlement Administrator shall be responsible for:

a.    Establishing, designing, and maintaining the Settlement Website in consultation with Class Counsel and Manhattan Beer's Counsel;

b.    Disseminating notice, including email notice, mail notice, and website notice, in accordance with this Agreement, the Notice Plan, and the Court's orders;

c.    Monitoring and responding to inquiries from Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Class Counsel;

d.    Accurately and objectively describing the terms of the Agreement in communications with Class Members, including training its employees and agents accordingly;

e.    Preparing declaration(s) attesting to compliance with the Notice Plan and notice requirements in the Agreement, and providing such declaration(s) to Class Counsel and Manhattan Beer's Counsel;

f.    Accurately following the terms and procedures outlined in this Agreement;

g.    Seeking further clarification or authorization from Class Counsel and Manhattan Beer's Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund;

h.    Otherwise assisting with the implementation and administration of the terms of the Agreement; and

i.    No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Agreement.

95.    Any material deviation from the Notice Plan must be approved in writing by the Parties and the Court.

96.    All costs associated with the Notice Plan, including the fees and costs of the Settlement Administrator, shall be paid from the Settlement Fund.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

## VII.    APPROVAL OF SETTLEMENT & SETTLEMENT IMPLEMENTATION

97.    Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiffs will move for preliminary approval of the Settlement, submit this Agreement and Exhibits with the motion, and request that the Court grant preliminary approval.  The Class Representatives will submit a proposed Order Granting Preliminary Approval of Class Action Settlement substantially in the form of **Exhibit 3**, attached hereto.  The order granting Preliminary Approval shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Class.

98.    <u>Compliance with the Class Action Fairness Act</u>.  The Settlement Administrator will provide CAFA Notice of the Settlement to the appropriate federal and state officials no later than ten (10) calendar days after the Agreement is filed with the Court.  The Settlement Administrator will advance the costs of providing this CAFA Notice, after which the Settlement Administrator will be reimbursed for those advanced costs once the Escrow Account is funded.

99.    <u>Procedure for Opting Out of the Class Action Settlement</u>.

a.    A Class Member may opt out of the Settlement and the Class by requesting to be excluded.  Any Class Member who desires to be excluded from the Class must give written notice of the election to opt-out.  To be valid, a request for exclusion must be postmarked or received on or before the Objection/Exclusion Deadline.

b.    To exercise the right to be excluded, a Class Member must timely mail a written request for exclusion to the Settlement Administrator.  Requests to be excluded must be signed by a person authorized to do so and state at least the following:

i.    I want to exclude [name of company] from the settlement Class in the case called *Cap 111 Enters., LLC, et al.  v. Manhattan Beer Distribs., LLC, et al.*, No. 22 Civ. 1408 (CS) (AEK) (S.D.N.Y.);

ii.    My personal information is:

(a)    Name (first, middle, last)

(b)    Position at the company

(c)    Name of company

(d)    Address

(e)    Email address

(f)    Phone number

(g)    The company's taxpayer identification number

iii.    The stores or locations that I want to exclude from the settlement Class are:

iv.    For each store or location, provide:

(a)    Business name

(b)    Brand names and/or "doing business as" names

(c)    Address

(d)    Taxpayer identification number(s)

v.    I hereby represent that I have the authority to exclude the company from the settlement Class.

c.    Requests to be excluded will not be valid unless all of the information described above is included.  No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Class, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.  So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed invalid.

d.    Any Class Member who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

e.    The Settlement Administrator shall provide the Parties weekly written updates identifying the number and identity of Class Members who have elected to be excluded from the Class.  The final update shall be provided four (4) business days before the Final Approval Hearing.

f.    If the number of Class Members who request exclusion exceeds 10% of the Class, then Manhattan Beer may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided within fourteen (14) calendar days after the Objection/Exclusion Deadline.  If Defendants exercise the option to void the Settlement, the Parties will return to litigation.

g.    At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to request to be excluded from the Class.  None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

100.    <u>Procedure for Objecting to the Class Action Settlement</u>.

a.    Any Class Member who is not an Excluded Class Member may object to the Settlement.  Class Members who wish to object to the Settlement must make a written statement objecting to the Settlement.  The Notice shall specify that any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline and specified in the Notice, the Class Member making the objection transmits copies of such papers he or she proposes to be submitted at the Final Approval Hearing to the Settlement Administrator, Class Counsel, and Manhattan Beer's Counsel.

b.    Any objection must be sent to the Settlement Administrator, Class Counsel, and Manhattan Beer's Counsel and must contain the following information:

i.    [Name of company] is a member of the settlement Class in the case called *Cap 111 Enters., LLC, et al.  v. Manhattan Beer Distribs., LLC, et al.*, No. 22 Civ. 1408 (CS) (AEK) (S.D.N.Y.);

      ii.      Name (first, middle, last) of the person filing the objection;

      iii.     Position at the company of the person filing the objection;

      iv.     Address of the company;

      v.      Email address of the person filing the objection;

      vi.     Phone number of the person filing the objection;

      vii.     The company's taxpayer identification number;

      viii.    A statement that the person filing the objection had the authority to object on the company's behalf;

      ix.     A statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, mailing address, email address, and phone number, and who, if anyone, from such counsel will appear at the Final Approval Hearing

      x.      a clear and concise statement of all grounds for the Class Member's objection;

      xi.     the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection.

      c.      In addition, any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid must include:

      i.      a written statement of any legal support for such objection;

      ii.     copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the Court to consider when reviewing the objection;

iii.    a list of all persons who will be called to testify in support of the objection, if any; and

iv.    a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or their counsel or other person who may profit from the pursuit of the objection referenced in item (b.xi) submitted in any action in the previous five (5) years.  If the Class Member or its counsel or other person who may profit from the pursuit of the objection referenced in item (b.xi) has not objected to any other class action settlement in the previous five (5) years, they shall affirmatively state so in the written materials provided in connection with the objection.

d.    Further, any Class Member who submits a timely written objection written or filed with the assistance of an attorney, law firm staff, or other person referenced in item (b.xi) shall consent to deposition by Class Counsel and/or Manhattan Beer's counsel prior to the Final Approval Hearing.

e.    For mailed objections, the date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date the Settlement Administrator received the written statement.

f.    Class Members who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.  Any person who has timely requested exclusion from the Settlement may not submit objections to the Settlement.

g.     The Parties may file with the Court written responses to any objections no later than two days before the Final Approval Hearing.

101.    <u>No Solicitation of Settlement Objections</u>.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Judgment.  None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

102.    <u>Final Approval</u>.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, Plaintiffs shall move the Court for final settlement approval seeking: (1) final approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of the Class Members; (2) a finding that the Notice complied with the Settlement Agreement, all applicable law, and due process; (3) distribution of the Settlement Fund and approval of all settlement payments; (4) dismissal of the Action and entry of the Final Approval Order and Judgment, substantially in the form of **Exhibit 4** attached hereto.  Plaintiffs' final approval motion shall also include the proposed Final Approval Order and Judgment.

103.    <u>Termination</u>.  Either Party shall have the right to terminate this Agreement if any of the following events occurs:

a.     The Court does not enter an order granting preliminary approval of the Settlement, as provided herein;

b.     The Court does not enter an order granting final approval of the Settlement, as provided herein;

c.     The Court does not enter a Final Judgment that is materially the same as the form, attached hereto as **Exhibit 4**;

- 33 -

      d.      The Court requires material additions and/or alterations of the Agreement for the Settlement to be approved, including, for example, the releases set forth in Paragraphs 80 to 87, or the provisions in Sections IV(B) and (C);

      e.      The number of Class Members who request exclusion exceeds 10% of the Class; or

      f.      The conditions for the Effective Date do not occur.

104.    <u>Notice of Termination</u>.  A Party shall provide written notice of an intent to terminate this Agreement to counsel for the other Party within fourteen (14) calendar days after receiving notice that any of the foregoing events of Termination has occurred.

105.    <u>Effect of Termination</u>.  In the event that this Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the agreements described herein shall be of no effect and inadmissible in this or any other action or proceeding, the Parties shall be deemed to have reverted to their respective statuses as of July 16, 2024, and they shall proceed in all respects as if this Agreement, its Exhibits, and any related agreements or orders, had never been executed or entered.

106.    In the event this Agreement is terminated pursuant to the specified terms enumerated in Paragraph 103, the Settlement Administrator shall, within five  (5) business days of receiving notice of the termination date, pay to Manhattan Beer all funds deposited in the Escrow Account by Manhattan Beer together with any interest or other income earned thereon, less (i) any taxes paid or due with respect to such income, (ii) any reasonable administrative expenses actually incurred and paid or payable from the Settlement Fund as authorized in this Agreement, and (iii) any Cost and Fee Award paid prior to termination pursuant to Paragraph 103 (which shall be repaid to Manhattan Beer by Class Counsel as specified in Paragraph 111).

107.    In the event one or more appeals are filed from the Court's Final Judgment, other than an appeal(s) or petition for review taken solely with respect to the Cost and Fee Award and/or Service Award, the Parties shall meet and confer in good faith to determine whether any aspect of the administration of the Settlement should be stayed.

108.    Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or is terminated for any reason, or the settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

## VIII.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

109.    In their Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the total amount of expenses (or best estimates for expenses not yet charged) incurred that may be subject to reimbursement.

110.    If Preliminary Approval is granted, fourteen (14) days before the Objection/Exclusion Deadline, Class Counsel shall petition the Court for a Cost and Fee Award of no more than one third of the Settlement Fund as an award of attorneys' fees, plus reimbursement out of the Settlement Fund of actual out-of-pocket expenses incurred by Class Counsel in the Action.  While the parties did not discuss the amount of attorneys' fees in their negotiations of this Settlement, Manhattan Beer shall not oppose Class Counsel's fee petition save to note that Manhattan Beer's counsel may respond to inquiries from the Court.

111.    The Settlement Administrator shall pay from the Settlement Fund any Cost and Fee Award approved by the Court to a QSF maintained by Wittels McInturff Palikovic named WMP Section 468B Qualified Settlement Fund for Consumer Litigation.  The immediately foregoing transfer shall be reported for tax purposes pursuant to Section 1.468B-3(e) of the Treasury Regulations, and no IRS Form 1099 shall be issued to Wittels McInturff Palikovic in connection with such transfer.  Class Counsel shall provide an IRS Form W-9 for the WMP Section 468B Qualified Settlement Fund for Consumer Litigation, and any IRS Form 1099 for such payment shall be issued to such payee.  Such attorneys' fees and costs shall be paid in the amount approved by the Court within seven (7) days after the funds are deposited into the Escrow Account, whether or not the Effective Date has occurred notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  In the event the Effective Date does not occur, Class Counsel agree to repay the attorneys' fees and costs, plus interest at the same rate earned by the Settlement Fund to Manhattan Beer.  Manhattan Beer shall have responsibility for the payment of any taxes due on interest repaid to Manhattan Beer from the Escrow Account.  Any such repayment shall be made within five (5) business days of Class Counsel receiving written notice that Manhattan Beer is terminating the Settlement because the Effective Date has not occurred.  Each Class Counsel law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees that the law firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph.  If Class Counsel fails to repay any portion of the Fees Award as required by this Paragraph, the Court shall, upon application by Manhattan Beer and notice to Class Counsel, issue such orders as appropriate to compel compliance by Class Counsel and their respective law firms, and shall, if circumstances warrant, award reasonable

attorneys' fees and expenses incurred by Manhattan Beer in connection with the enforcement of this Paragraph. All obligations set forth in this paragraph shall expire upon the Effective Date.

112. Should the Court award a Cost and Fee Award less than the amount sought in Class Counsel's petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund, and, after the latter of any appeal from or motion for reversal or modification of the Court's Cost and Fee Award is resolved or the deadline for filing an appeal or motion for reconsideration regarding the amount of any Cost and Fee Award has expired without the filing of an appeal or motion, such funds shall be distributed pursuant to Paragraph 77 of this Agreement.

113. Class Counsel shall have the sole and absolute discretion to allocate the Cost and Fee Award amongst Class Counsel. Manhattan Beer shall have no liability or other responsibility for allocation of any Cost and Fee Award.

114. The Parties agree that the Class Representatives may apply to the Court for a Service Award to each of the Class Representatives, the total of which shall not exceed Twenty-Five Thousand Dollars and No Cents ($25,000.00), for their services in the prosecution of this matter. The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court. Class Representatives understand and acknowledge that they may receive no monetary payment, and their agreement to the Settlement is not conditioned on the possibility of receiving monetary payment.

115. The Settlement Administrator, within ten (10) days after the Effective Date, shall pay from the Escrow Account the amount of any Court-approved Service Award(s) for the Class Representatives via check, to be sent care of Class Counsel. Should the Court award less than the

amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to be distributed pursuant to Paragraph 77 of this Agreement.

116.    It is not a condition of the Settlement that any Cost and Fee Award or Service Award be approved by the Court.  Any order or proceeding relating to the amount of any Cost and Fee Award and/or Service Award, or any appeal from or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement, this Agreement, or affect or delay Final Judgment.

## IX.    **ADDITIONAL PROVISIONS**

117.    Best Efforts.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all of their respective obligations under the Agreement, including obtaining preliminary and final settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.  In the event any issues arise between the Parties regarding settlement administration including, but not limited to Paragraphs 55 and 77 of this Agreement, or the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any steps needed to effectuate the terms of the Settlement embodied in this Agreement, including responding to Class Member inquiries, such issues shall be referred to Martin F. Scheinman, Esq., or, in his absence, Barry J. Peek, Esq. for a final and binding determination.

118.    Limited Admissibility of Agreement.  This Agreement is made in compromise of a dispute.  Regardless of whether the Court approves this Agreement, neither this Agreement nor anything that any of the Parties stated or did during the negotiation of this Agreement will be construed or used in any manner as:

a.       an admission of liability or evidence of Defendants' fault, liability or wrongdoing as to any facts or claims asserted in this Action (or any infirmity in the defenses it has asserted or could assert in the Action).  On the contrary, Defendants expressly deny any liability or wrongdoing whatsoever;

b.       against Plaintiffs, the Class, the Releasing Parties, Class Counsel or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

c.       an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

Notwithstanding the foregoing restrictions in this Paragraph,

d.       Any Party may file this Agreement and Final Judgment (if and when such Final Judgment is entered) in any action that may be or has been brought against such Party or Parties in order to support a defense, counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

e.       The Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the Settlement.

119.    <u>Notices</u>.  Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Electronic mailings shall be directed as follows:

<div align="center">To Class Counsel</div>

Steven Wittels
Burkett McInturff
Tiasha Palikovic
Ethan D. Roman
WITTELS MCINTURFF PALIKOVIC
305 Broadway, 7th Floor
New York, New York 10007
Phone: (914) 775-8862
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com
edr@wittelslaw.com

To Manhattan Beer's Counsel

Larry K. Hutcher
Peter M. Ripin
Eric J. Przybylko
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, NY 10158
Phone: (212) 557-7200
lkh@dhclegal.com
pmr@dhclegal.com
ep@dhclegal.com

120.    <u>Confidentiality.</u>  The Parties agree to maintain as completely confidential the amount of Settlement until public filing of a motion for preliminary approval of the Settlement. After the filing of a public motion for preliminary approval, the Parties and their counsel will not make any public communication regarding the Settlement except (a) as required to implement the Settlement, including responding to Class Member inquiries and any court proceedings regarding the Settlement, (b) to refer to public filings, or (c) for Defendants or their attorneys, as they

determine appropriate in connection with other litigation.  However, nothing herein shall preclude the Parties or their respective counsel from making any necessary or required disclosures to government regulators, auditors, the Court, and the like.

121.  <u>Privacy</u>.  The Parties and all counsel agree that all orders and agreements in this Action regarding the preservation and confidentiality of documents and information remain in effect at all times, including after entry of the Final Judgment, including without limitation the Protective Order, and all Parties and counsel remain bound to comply with them.  Nothing contained in this Agreement or any order of the Court related to this Agreement, nor any act required to be performed pursuant to this Agreement is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or any other similar privilege or protective doctrine afforded by law.

122.  <u>Exhibits</u>.  The terms of this Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.

123.  <u>Captions or Headings</u>.  The captions or headings of paragraphs in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

124.  <u>Defined Terms</u>.  Terms defined in this Agreement shall have their defined meanings whenever and wherever they occur herein (including in Exhibits).

125.  <u>Stay of Proceedings</u>.  The Parties agree to continue to stay all proceedings in this Action, except such proceedings necessary to implement and complete the Settlement, pending the entry of Final Judgment.

126.  <u>Dismissal of Proceedings</u>.  The Parties agree to dismiss all proceedings in this Action with prejudice within ten (10) days after the Effective Date.

127. <u>Amendment or Modification</u>.  Any amendment to this Agreement must be in writing, signed by the Parties, and expressly state that it is amending this Agreement.

128. <u>Waiver of Compliance</u>.  No Party shall be treated as having waived any rights by not exercising (or delaying the exercise of) any rights under this Agreement.  Moreover, a waiver of any breach of this Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of this Agreement.

129. <u>Entire Agreement</u>.  This Agreement sets out all terms agreed between the Parties and supersedes all previous or contemporaneous agreements between the Parties relating to its subject matter.  In entering into this Agreement neither Party has relied on, and neither Party shall have any right or remedy based on, any statement, representation, or warranty (whether made negligently or innocently), except those expressly set out in this Agreement.  Class Counsel have expressly relied on the class-wide data Defendants produced in discovery regarding (i) the size of the Class, (ii) the amounts Defendants collected and refunded or redeemed in connection with conduct challenged in the Action, and (iii) Class Members' purchases from Manhattan Beer.

130. <u>Authorization to Enter Agreement</u>.  The Parties warrant and represent they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

131. <u>Parties' Knowledge and Advice of Counsel</u>.  Each Party enters into this Agreement with the opportunity to seek the advice of counsel and executes and delivers this Agreement being fully informed as to its terms, content, and effect.

132. <u>Agreement Binding on Successors in Interest</u>.  This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

133. <u>Assignment</u>. This Agreement, including any of the rights and duties of any Party hereto under the Agreement, may not be assigned without prior written approval by the other Party.

134. <u>No Additional Persons with Financial Interest</u>. Manhattan Beer shall not be liable for any additional attorneys' fees and expenses of any Class Member's counsel, including any potential objectors or counsel representing a Class Member, other than what is expressly provided for in this Agreement.

135. <u>Jurisdiction of the Court</u>. The Court shall retain continuing jurisdiction over the Parties to this Agreement, including all Class Members, for purposes of the enforcement of this Agreement.

136. <u>No Construction Against Any Party</u>. The terms of this Agreement have been negotiated at arm's length among knowledgeable Parties represented by experienced counsel. The Parties agree that the normal rules of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of this Agreement, as the Parties each participated in the drafting of this Agreement.

137. <u>Extensions of Time</u>. The Parties may agree upon a reasonable extension of time for any deadline or date reflected in this Agreement, without further notice (subject to Court approval as to dates set by the Court) to the Class.

138. <u>Fees Not a Penalty</u>. No consideration or amount or sum paid, credited, offered, or expended by Manhattan Beer in its performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim against Manhattan Beer.

139. <u>Attorneys' Fees</u>. Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

140.  <u>Counterparts</u>.  The Parties may execute this Agreement in counterparts, including facsimile, PDF, and other electronic copies, which taken together will constitute one instrument.

141.  <u>Governing Law and Venue</u>.

a.  All claims arising out of relating to this Agreement will be governed by New York law, without regard to or application of New York's conflict of laws rules.

b.  If a Party files any claim, complaint, action, or proceeding alleging a breach of this Agreement, the successful or prevailing Party may, if appropriate, be awarded its attorneys' fees and other costs, in addition to any other relief to which the Party may be entitled.  Any action or proceeding to enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with respect to enforcement of the Settlement, be brought in this Court.

142.  <u>Signatures</u>.  Each person executing this Agreement warrants that such person has the full authority to do so.

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

APPROVED AND AGREED TO BY THE PLAINTIFFS:


Dated: 11/11/24_____, 2024

Connie Petrovich (Nov 11, 2024 12:05 EST)
_____

Plaintiff Cap 111 Enterprises LLC


Dated: _____, 2024

_____

Plaintiff 251 E. Main St., LLC


Dated: _____, 2024

_____

Plaintiff 67 Purchase St LLC


Dated: _____, 2024

_____

Plaintiff Pub Street Pleasantville LLC


Dated: _____, 2024

_____

Plaintiff Locali Kitchen & Bar LLC


Dated: _____, 2024

WITTELS MCINTURFF PALIKOVIC

_____

J. Burkett McInturff
Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:


Dated: _____, 2024          _____

                                        Plaintiff Cap 111 Enterprises LLC


Dated: __08/11/24_____, 2024           *Joe Busti*
                                        Joe Busti (Nov 8, 2024 09:43 EST)
                                        _____

                                        Plaintiff 251 E. Main St., LLC


Dated: __08/11/24_____, 2024           *Joe Busti*
                                        Joe Busti (Nov 8, 2024 09:43 EST)
                                        _____

                                        Plaintiff 67 Purchase St LLC


Dated: __08/11/24_____, 2024           *Joe Busti*
                                        Joe Busti (Nov 8, 2024 09:43 EST)
                                        _____

                                        Plaintiff Pub Street Pleasantville LLC


Dated: __08/11/24_____, 2024           *Joe Busti*
                                        Joe Busti (Nov 8, 2024 09:43 EST)
                                        _____

                                        Plaintiff Locali Kitchen & Bar LLC



Dated: _____, 2024          WITTELS MCINTURFF PALIKOVIC

                                        _____

                                        J. Burkett McInturff
                                        Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2024        _____

Plaintiff Cap 111 Enterprises LLC

Dated: _____, 2024        _____

Plaintiff 251 E. Main St., LLC

Dated: _____, 2024        _____

Plaintiff 67 Purchase St LLC

Dated: _____, 2024        _____

Plaintiff Pub Street Pleasantville LLC

Dated: _____, 2024        _____

Plaintiff Locali Kitchen & Bar LLC

Dated: Nov. 8 _____, 2024        WITTELS MCINTURFF PALIKOVIC

_____

J. Burkett McInturff
Class Counsel

APPROVED AND AGREED TO BY DEFENDANTS:

Dated: _____, 2024          MANHATTAN BEER DISTRIBUTORS, LLC

_____
Simon Bergson
CEO and President, Manhattan Beer
Distributors, LLC

Dated: _____, 2024          SIMON BERGSON

_____
Simon Bergson
CEO and President, Manhattan Beer
Distributors, LLC

Dated: __11/06__, 2024                  MICHAEL MCCARTHY

_____
Michael McCarthy
Senior Vice President of Operations,
Manhattan Beer Distributors, LLC

Dated: _____, 2024          DAVIDOFF HUTCHER & CITRON LLP

_____
Peter M. Ripin
Counsel for Defendants

APPROVED AND AGREED TO BY DEFENDANTS:

Dated: ___11|8|24___, 2024

MANHATTAN BEER DISTRIBUTORS,
LLC

_____
Simon Bergson
CEO and President, Manhattan Beer
Distributors, LLC

Dated: ___Nov 8___, 2024

SIMON BERGSON

_____
Simon Bergson
CEO and President, Manhattan Beer
Distributors, LLC

Dated: _____, 2024

MICHAEL MCCARTHY

_____
Michael McCarthy
Senior Vice President of Operations,
Manhattan Beer Distributors, LLC

Dated: _____, 2024

DAVIDOFF HUTCHER & CITRON LLP

_____
Peter M. Ripin
Counsel for Defendants

APPROVED AND AGREED TO BY DEFENDANTS:

Dated: _____, 2024

MANHATTAN BEER DISTRIBUTORS, LLC

_____
Simon Bergson
CEO and President, Manhattan Beer Distributors, LLC


Dated: _____, 2024

SIMON BERGSON

_____
Simon Bergson
CEO and President, Manhattan Beer Distributors, LLC


Dated: _____, 2024

MICHAEL MCCARTHY

_____
Michael McCarthy
Senior Vice President of Operations, Manhattan Beer Distributors, LLC


Dated: November 8, 2024

DAVIDOFF HUTCHER & CITRON LLP

_____
Peter M. Ripin
Counsel for Defendants

Exhibit 1

**Sender Email:** [EMAIL ADDRESS]

**Sender Name:**  Settlement Administrator

**Subject Line**:  Notice of Refund from Manhattan Beer

---

## IF YOU WERE A MANHATTAN BEER CUSTOMER BETWEEN FEBRUARY 18, 2016 AND MAY 13, 2024, YOU ARE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT.

## YOUR PAYMENT IS ESTIMATED AT $[XXX].

## A CHECK WILL BE MAILED TO YOU IF THE SETTLEMENT IS APPROVED. YOU DO NOT NEED TO DO ANYTHING TO GET A PAYMENT.

<u>This is a Court-approved Legal Notice.</u>  <u>This is not an advertisement.</u>  <u>You are not being sued.</u>

A Settlement has been reached in a proposed class action against Manhattan Beer Distributors, LLC ("Manhattan Beer").  The case alleges that Manhattan Beer improperly invoiced customers for a cardboard mother carton deposit in violation of applicable law.  Manhattan Beer denies these allegations and any wrongdoing and maintains that its conduct was at all times lawful.

The lawyers in the case estimate that you could receive about $[XXX] from the Settlement.

**Who is included?**  <u>Manhattan Beer's records show that you are likely included.</u>  You are included if you were a Manhattan Beer customer who paid $0.10 for cardboard mother carton deposits that were not redeemed or refunded between February 18, 2016 and May 13, 2024.

For more information, please go to [INSERT WEBSITE]

**What can I get?**  The lawyers in this case estimate that you could receive approximately $[XXX] if the Court approves the settlement as proposed.  This amount is an estimate.  Your payment amount may be different.  The payment amount will depend on a number of factors including whether you are affiliated with multiple stores that will receive payment under the settlement, whether full settlement terms are approved, and whether Manhattan Beer's records of your past cardboard mother carton deposit payments are accurate.

**How do I get my money?**  You don't have to do anything to get your money.  If the Court approves the settlement, you will be mailed a check.

**What does the Settlement provide?**  Under the terms of the Settlement, Manhattan Beer will pay $5,750,000 to establish a Settlement Fund.

Please visit [settlement website] for more information.

**Do I have a lawyer in the case?**  If you are receiving this Notice, Manhattan Beer's records show you are likely included in the Class and therefore have a lawyer in this case.  The Court appointed the law firm Wittels McInturff Palikovic as "Class Counsel" to represent the Class Members in this case.  You do not have to pay Class Counsel or anyone else to participate.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**Your other options**.  If you are included in the Settlement and do nothing, your rights will be affected.  If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [DATE].  Unless you exclude yourself, you won't be able to sue or continue to sue Manhattan Beer for any claim made in this lawsuit or released by the Settlement Agreement.  If you exclude yourself, you won't receive payment.  If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the Final Approval Hearing – at your own cost – but you don't have to.  Objections and requests to appear are due by [DATE], 2025.  More information about these options is available at [website].

**When will the judge consider the proposed settlement?**  The Court will hold the Final Approval Hearing at [TIME] on [Date], 2025 in Courtroom 621 (6th Floor) of the United States Courthouse, 300 Quarropas Street, New York, NY 10601.  At the Final Approval Hearing, the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate.  The date of the Final Approval Hearing may change without further notice, and Class Members should check [website] to confirm that the date has not changed.

This Notice is only a summary.

For more information visit [website].

**Notice ID: [Notice ID number]**

Exhibit 2

> # If you were a Manhattan Beer customer between February 18, 2016 and May 13, 2024, you could get a payment from a class action settlement.

**A federal court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.**

A settlement has been reached in a proposed class action against Manhattan Beer Distributors, LLC ("Manhattan Beer").  The case alleges that Manhattan Beer improperly invoiced customers for a cardboard mother carton deposit in violation of both New York common law and consumer protection laws.  Manhattan Beer denies these allegations and any wrongdoing and maintains that its conduct was at all times lawful.

You are included in the Settlement if you were charged a $0.10 deposit for cardboard mother cartons at any time between February 18, 2016 and May 13, 2024 and were not fully credited for all such deposits via redemption or refund.

The Court did not decide in favor of Plaintiffs or Defendants.  Both sides believe they would have won at trial, but there was no trial.  Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation.  The parties' settlement agreement provides for payments to current and former Manhattan Beer customers who qualify.  The parties believe the settlement is fair, reasonable, and in the best interests of the Class.

Read this Notice carefully, as your legal rights are affected.  These rights and options—and the deadlines to exercise them—are explained in this Notice.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement, you will be mailed a settlement check and you will be legally bound by the settlement.  **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | You are choosing not to be part of this case and you will not receive any payment.  This is the only option that allows you to participate in another case against Manhattan Beer regarding the legal claims brought in this case. |
| **IF YOU OBJECT** | You must write to the Court about why you object to the settlement and you may attend a hearing if you wish. |

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

## IMPORTANT BACKGROUND INFORMATION

- This lawsuit was brought by current and former Manhattan Beer customers on behalf of themselves and other customers to seek repayment of allegedly deceptive and unlawful $0.10 deposits for cardboard mother cartons that were not redeemed or refunded.

- Manhattan Beer denies any wrongdoing and denies that any deposits charged to customers were deceptive or otherwise unlawful.

- The court overseeing this lawsuit is the United States District Court for the Southern District of New York. United States District Judge Cathy Seibel and Magistrate Judge Andrew E. Krause are the judges assigned to the case. The case name is *Cap 111 Enterprises LLC et al. v. Manhattan Beer Distributors, LLC et al.*, and the case number is 7:22-cv-01408-CS-AEK.

- The Court must approve the settlement. **<u>Payment will be made only if the Court approves the settlement</u>**. Please be patient as the court approval process takes time.

- The court will hold a hearing about the fairness of the settlement on [DATE], 2025 ("the Fairness Hearing").

---

## BASIC INFORMATION

### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims. The people together are a "Class" or "Class Members." The Class Representative who sued and the Class Members are called the Plaintiffs. The company they sued is called the Defendant. One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who were customers of Manhattan Beer and paid $0.10 deposits for cardboard mother cartons that were not redeemed or refunded at any time between February 18, 2016 and May 13, 2024.

### WHY DID I GET THIS NOTICE?

Manhattan Beer's records show that you were a Manhattan Beer customer at some point between February 18, 2016 and May 13, 2024 and paid at least one $0.10 deposit for cardboard mother cartons that was not redeemed or refunded. You were sent this Notice because you have the right to know about the proposed settlement of this lawsuit and about your options before the Court decides whether to approve the settlement. If the Court approves the settlement, payments will be mailed to everyone who does not exclude themselves. This notice explains the lawsuit, the settlement, your legal rights, and what benefits the settlement will provide.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

## WHO IS IN THE SETTLEMENT?

### HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

Manhattan Beer's records show that you were a Manhattan Beer customer at some point between February 18, 2016 and May 13, 2024 and paid at least one $0.10 deposit for cardboard mother cartons that was not redeemed or refunded.  If you were not a Manhattan Beer customer during that period, you are not part of the Class and your rights are not affected by this lawsuit or the settlement.

## THE CLAIMS IN THE LAWSUIT

### WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?

The case challenges Manhattan Beer's deposit practices.  In particular, the lawsuit claims that Manhattan Beer violated the common law and New York's state consumer protection laws by not adequately disclosing that the company was charging its customers a $0.10 deposit for cardboard mother cartons that contain beer or other beverages.

Manhattan Beer denies these allegations and any wrongdoing and maintains that its deposit practices were at all times lawful.  The Settlement is not an admission of, and does not establish any, wrongdoing by Manhattan Beer.

More information about the lawsuit can be found in the "Court Documents" section of the Settlement website at [URL to Documents section of website].

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### WHAT DOES THE SETTLEMENT PROVIDE?

If you do not exclude yourself and the Court approves the settlement, the settlement funds will be paid to eligible persons based on the amount of cardboard mother carton deposits that were not redeemed or refunded for each Class Member between February 18, 2016 and May 13, 2024.  The average estimated payment is approximately $XXX, though any given Class Member's payment could be more or less.  All eligible Class Members that do not exclude themselves from the settlement will be paid a minimum of $25.00.

### HOW CAN I GET A PAYMENT?

You do not need to do anything to receive a payment under the settlement, your check will be automatically mailed to you if the Judge approves the settlement.  You will have 90 days to cash any check.  After 90 days, the check will be void and you will not have a right to a payment.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

## WHEN WILL I RECEIVE MY PAYMENT?

Before any payments can be made, the Court must first decide whether to approve the settlement after a fairness hearing to be held on [DATE], 2025.  If the Court approves the settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail.  The Settlement Administrator's contact information is below.

## WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?

If you decide to stay in the Class and the Court approves the settlement, you will be releasing the Defendants and their related entities from all claims that were or could have been brought in this class action regarding $0.10 cardboard mother carton deposits up to the date of May 13, 2024. This release will be binding on you even if you do not cash your check.  The only way for you to be part of other litigation against Manhattan Beer that covers the above legal claims for the period between February 18, 2016 and May 13, 2024 is for you to exclude yourself.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN?

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by [DATE], 2025. To be valid, your opt-out statement must include (1) your name, (2) your position at the company that is opting out, (3) the name of the company that is opting out, (4) company address, (5) your email address, (6) your phone number, (7) the company's taxpayer identification number, and (8) for each store or location opting out, provide the (a) business name, (b) brand names or "doing business as" names, (c) address, and (d) taxpayer identification number.

Opt-out statements must also represent that you have the proper authority at the company to exclude it from the settlement Class.  To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax.  If mailed, the statement must be postmarked on or before [DATE], 2025.  If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [DATE], 2025.  The Settlement Administrator's address, email address, phone and fax numbers are below:

**Manhattan Beer Settlement Administrator**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-399-3018 | Fax: 516-591-0539**
**Email: [EMAIL ADDRESS]**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

If you choose to exclude yourself from the settlement, then (1) you will not get any payment under this settlement and (2) you cannot object to the settlement.  By excluding yourself from the settlement, you will not be legally bound by the settlement, and you keep your right to sue the Defendant at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

## OBJECTING TO THE SETTLEMENT

### HOW CAN AN OBJECTION BE MADE?

If you are a Class Member, you may object to the settlement. Any Class Member who wishes to present their objections to the settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax.  If mailed, the statement must be postmarked on or before [DATE], 2025  If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [DATE], 2025.  The Settlement Administrator's address, email address, phone and fax numbers are below:

<div align="center">

**Manhattan Beer Settlement Administrator**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-399-3018 | Fax: 516-591-0539**
**Email: [EMAIL ADDRESS]**

</div>

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Cap 111 Enters., LLC et al. v. Manhattan Beer Distribs. et al.*, 7:22-cv-01408-CS-AEK (S.D.N.Y.);
2. the objector's full name, email address, telephone number, and position at the company that is objecting;
3. the company's address and taxpayer identification number;
4. a statement that the person filing the objection had the authority to object on the company's behalf;
5. a written statement of all reasons for the objection;
6. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;
7. a statement of whether the objector intends to appear at the Fairness Hearing, and;
8. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

or submission of the objection or who may profit from the pursuit of the objection must contain all of the following to be valid:

9. a written statement of any legal support for such objection;
10. copies of any papers, briefs, or other documents upon which the objection is based;
11. a list of all persons who will be called to testify in support of the objection, if any; and
12. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived. Any Class Member who fails to submit a timely and valid objection gives up their right to object to the settlement and will not be allowed to seek any review of the settlement, including an appeal.

You have the right to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than [DATE], 2025, that states whether counsel intends to appear at the Fairness Hearing. An objection may be withdrawn at any time.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the settlement. Excluding yourself is telling the Court that you do not want to be part of the settlement. If you object to the settlement but the Court later approves the settlement, you will still be legally bound by the settlement and will still be mailed a settlement check. You cannot object to the settlement if you exclude yourself from the settlement.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## THE LAWYERS REPRESENTING YOU

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic as Class Counsel to represent you and the other Class Members.  Class Counsel are:

Steven L. Wittels
J. Burkett McInturff
Tiasha Palikovic
Ethan D. Roman
Tel: 914-775-8862
Email: attorneys@wittelslaw.com

### HOW WILL THE LAWYERS BE PAID?

Class Counsel have worked for three years without pay or any guarantee of pay.  In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses in an amount equal to one-third of the settlement value to compensate them for the risks they took to enforce the rights of Class Members.  Here, the settlement fund to be allocated to the Class of approximately 31,000 customers is $5,750,000, and Class Counsel will ask the Court to approve an attorney's fee and expense reimbursement equal to one-third of this amount (*i.e.*, $1,916,666).  Although Manhattan Beer denies that it did anything wrong, the parties also agree that Manhattan Beer enhanced and improved its invoicing practices subsequent to the commencement of the litigation to further ensure that all customers know about the $0.10 cardboard mother carton deposit.  With the assistance of the mediator, the parties agreed to value such enhancements and improvements at not less than $2,600,000.  Class Counsel is not seeking payment for the additional Class benefit.

### WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that service awards be paid from the settlement fund to the Class Representatives who contributed in a significant way by bringing this action and providing important information used to achieve the settlement.  The service awards are also in recognition of the risks these individuals took in coming forward publicly.  Class Counsel will request that the Court approve service awards totaling no more than $25,000 to be distributed from the settlement fund.

### WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service LLC to provide this notice to you and to administer the settlement payments for a fee of up to $115,000 to be paid out of the total settlement fund.  Any fees over $115,000, and agreed upon by the parties, will be paid separately by the settlement fund.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## THE FAIRNESS HEARING

### WHAT'S A FAIRNESS HEARING, AND WHEN AND WHERE IS IT?

The Court will hold an in-person hearing to decide whether to approve the settlement on [DATE], 2025, at X:XX X.m. EST before the Honorable Cathy Seibel, at the Charles L. Brieant Jr. United States Courthouse, 300 Quarropas St., White Plains, NY 10601. **You do not have to appear at the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make a decision.

### DO I HAVE TO ATTEND THE FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to attend the Fairness Hearing, you do not need to attend to receive payment. Likewise, if you submit a valid objection, you may, but you are not required to, attend the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

If you wish to speak at the Fairness Hearing, you may ask the Court for permission to do so. In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in *Cap 111 Enters. et al. v. Manhattan Beer Distribs. et al.*, 7:22-cv-01408-CS-AEK." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District Court, Southern District of New York, 300 Quarropas St., New York, NY 10601 and must be postmarked no later than [DATE], 2025.

## GETTING MORE INFORMATION

### HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

To obtain more information, you can visit [WEBSITE]; contact the Settlement Administrator at (516) 399-3018; or you may contact Class Counsel J. Burkett McInturff or Ethan D. Roman at case@wittelslaw.com or (914) 775-8862. You may also get a copy of the full settlement agreement by email or mail if you request it. You can see the court file for *Cap 111 Enters. et al. v. Manhattan Beer Distribs. et al.*, 7:22-cv-01408-CS-AEK, through the court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR MANHATTAN BEER WITH INQUIRIES ABOUT THE SETTLEMENT.**

Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC, <br><br> on behalf of themselves and all others similarly situated, <br><br><div align=center>Plaintiffs,</div><br> v. <br><br> MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY, <br><br><div align=center>Defendants.</div> | Civil Case No.: 22 Civ. 1408 (CS) (AEK) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, Defendants Manhattan Beer Distributors, LLC, Simon Bergson, and Michael McCarthy ("Defendants") and Plaintiffs Cap 111 Enterprises LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC ("Plaintiffs") (collectively, the "Parties") in this proposed class action (the "Action") have entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. XXX);

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.    Settlement Terms.  Unless otherwise defined herein, all capitalized terms shall have the same definitions as set forth in the Settlement Agreement.

2.    Jurisdiction.  This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3.    Preliminary Approval of Proposed Settlement.  The Court has considered the pleadings and arguments made by Plaintiffs in support of the Preliminary Approval Motion and finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement.  The Court preliminarily finds that the Settlement is the result of informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including a full-day mediation before Martin F. Scheinman, Esq., an experienced class action mediator, on February 8, 2024, and an additional mediation session before Mediator Scheinman on August 15, 2024.

4.    The Court likewise preliminarily finds that the Settlement meets the applicable requirements of law, including Rule 23(e); that the relief provided to the Class is adequate; that Plaintiffs and Plaintiffs' counsel have adequately represented the Class; and that the Settlement treats Class Members equitably relative to each other.  The Court therefore grants preliminary

approval of the Settlement, including the terms and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits.

5. <u>Settlement Class</u>. The Court preliminarily finds for settlement purposes only that Plaintiffs have met the requirements for class certification under Rules 23(a) and (b) and finds that:

    a. the Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Class;

    c. the claims of Plaintiffs are typical of the claims of the Class;

    d. Plaintiffs will fairly and adequately protect the interests of the Class;

    e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

    f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. For settlement purposes only, the Court provisionally certifies the following class under Rule 23(e):

> All Manhattan Beer customers who purchased bottled beverages from Manhattan Beer and were charged a $0.10 deposit for cardboard mother cartons at any time between February 18, 2016 and May 13, 2024 and were not fully credited for all such deposits via redemption or refund, except the following: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.

7. <u>Class Representatives</u>. For settlement purposes only, the Court preliminarily appoints Plaintiffs as Class Representatives.

8.    <u>Class Counsel</u>.  For settlement purposes only, the Court preliminarily finds that Plaintiffs' counsel meet the requirements of Rule 23(g) and appoints Steven L. Wittels, J. Burkett McInturff, Tiasha Palikovic, and Ethan D. Roman of Wittels McInturff Palikovic as Class Counsel.

9.    <u>Settlement Administrator</u>.  The Court hereby approves Arden Claims Service LLC ("Arden") to act as Settlement Administrator.  Arden shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10.    <u>Qualified Settlement Fund</u>.    Arden is authorized to establish the Qualified Settlement Fund ("QSF") pursuant to the terms and conditions set forth in the Settlement Agreement.

11.    <u>Class Notice</u>.    The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23.  The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms.  Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

12.    <u>Exclusion and Objection Procedure</u>.  The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or object to, the Settlement.  The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

13.    <u>Schedule of Future Events</u>.  The Court adopts the Plaintiffs' proposed schedule of future events as set forth below:

| EVENT | DATE |
|---|---|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 45 days after entry of the Court's Preliminary Approval Order |

| Deadline for motion for final approval of all Settlement terms | 14 days prior to the Objection/Exclusion Deadline |
|---|---|
| Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 2 days before the Final Approval Hearing |
| Final Approval Hearing | Not less than 120 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

14.    <u>Final Approval Hearing</u>.    A Final Approval Hearing is scheduled for _____, 2025 at _____.  The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members.  The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

15.    All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, no Party nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

16.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.  In such an event, the certification of the Class will be deemed vacated.

17.    <u>No Admission of Liability</u>.  By entering this Order, the Court does not make any determination as to the merits of this case.  Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants.  The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

18.    <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.

**IT IS SO ORDERED**

Dated: _____, 2024          _____
                                              The Hon. Cathy Seibel
                                              United States District Judge

Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAP 111 ENTERPRISES LLC, 251 E. MAIN ST., LLC, 67 PURCHASE ST LLC, PUB STREET PLEASANTVILLE LLC, AND LOCALI KITCHEN & BAR LLC,<br><br>on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>          v.<br><br>MANHATTAN BEER DISTRIBUTORS, LLC, SIMON BERGSON, AND MICHAEL MCCARTHY,<br><br>                        Defendants. | Civil Case No.: 22 Civ. 1408 (CS) (AEK) |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. XXX);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of the Class Action Settlement and Related Relief (ECF No. XXX);

WHEREAS, on [INSERT DATE], 2024, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel and Class Representatives, and Approval of the Notice Plan and Related Procedures (the "Preliminary Approval Order," ECF No. XXX);

WHEREAS, the Preliminary Approval Order *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for settlement purposes only, this action should proceed as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure and certified the Class; (iii) appointed Plaintiffs as Class Representatives; (iv) appointed their counsel as Class Counsel; (iv) approved the form and manner of notice to the Class ("Class Members") and other settlement-related procedures; and (v) set the date for a hearing to consider final approval of the Settlement.

WHEREAS, notice was provided to the Class in accordance with the Court's Preliminary Approval Order and the other components of the court-approved notice and settlement procedures were implemented;

WHEREAS, on [INSERT DATE], 2025 at [INSERT TIME] at the United States District Court for the Southern District of New York, the Honorable Cathy Seibel held a Fairness Hearing to determine whether the Settlement's terms are fair, reasonable, and adequate; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, the argument of counsel, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      For purposes of this Order and Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all members of the Class pursuant to 28 U.S.C. § 1332(d).

3.      With respect to the Class, this Court finally certifies the following Class for settlement purposes only and for the reasons set forth in the Preliminary Approval Order:

All Manhattan Beer customers who purchased bottled beverages from Manhattan Beer and were charged a $0.10 deposit for cardboard mother cartons at any time between February 18, 2016 and May 13, 2024 and were not fully credited for all such deposits via redemption or refund, except the following: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.

4.    Pursuant to Rule 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

5.    The Court reaffirms the appointment of Class Counsel and Class Representatives as set forth in the Preliminary Approval Order.

6.    Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that notice was disseminated to the Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

7.    The Court finds and concludes that the Notice and all other aspects of the Notice Plan, exclusion, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 and the requirements of due process; and were the best practicable under the circumstances.

8.    There were no objections to the Settlement, and X Class Members requested to opt out of the Settlement.

9.    The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10.    The Court finds and concludes that, with respect to the Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) and the *City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (2d Cir. 1974), and that the Settlement is fair, reasonable, and adequate, and should be approved.

11.     The Court hereby approves the Settlement and directs the Parties to consummate the Settlement Agreement according to its terms.  The Settlement Agreement's terms, including the releases therein, are fair, just, reasonable, and adequate.  Upon the Effective Date, all Released Claims are fully, finally, and forever released, relinquished, and discharged.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Judgment. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Judgment.

12.     The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

13.     Upon consideration of Class Counsel's request for Service Awards to the individuals that materially assisted in the prosecution of this matter, the request is granted.  The Service Awards shall be paid from the Settlement Fund in the amount requested and on terms specified in the Settlement Agreement.

14.     Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted.  Class Counsel's fees and expenses shall be paid from the Settlement Fund in the amount requested and on terms specified in the Settlement Agreement.

15.     This Action is hereby dismissed on the merits and with prejudice.  The Action is closed.  Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction, to the extent necessary, to enforce the terms of the Settlement Agreement.

16.     This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: _____, 2025

_____
The Hon. Cathy Seibel
United States District Judge