**Wittels**
**McInturff**
**Palikovic**

March 21, 2025

<u>Via ECF</u>
The Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   *Cap 111 Enters. LLC v. Manhattan Beer Distribs., LLC*, Case No. 22 Civ. 1408 (CS)

Dear Judge Seibel:

In connection with filing their forthcoming Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), Plaintiffs Cap 111 Enterprises LLC, 251 E. Main St., LLC, 67 Purchase St LLC, Pub Street Pleasantville LLC, and Locali Kitchen & Bar LLC (collectively "Plaintiffs") hereby move this Court for leave to file Class Counsel's time records, attached to this application as **Exhibit A**, containing detailed descriptions of legal services rendered in prosecuting this class action, under seal.

Class Counsel's time records consist of detailed accounts of the legal services rendered on behalf of Plaintiffs and the Class. It is well-settled in this Circuit that because contemporaneous time records contain significant attorney-client information, attorney work product, and proprietary business information, they should not be made public. *See Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) (upholding order sealing class counsel's time records and finding "[no] error in the district court's failure to order disclosure of class counsel's contemporaneous time records, appended to the fee request and filed under seal. While applications for attorney's fees must be supported by contemporaneous billing records, we are aware of no authority holding that class counsel must open its books . . . for inspection by virtue of filing a fee motion.") (cleaned up); *see also In re Pall Corp. Class Action Attorneys' Fees Application*, 07-CV-3359 (JS) (GRB), 2013 WL 1702227, at *4 (E.D.N.Y. Apr. 8, 2013) (noting that existing case law does not require public disclosure of class counsel's time records (citing *Cassese*)), *report and recommendation adopted*, 2013 WL 3244824 (E.D.N.Y. June 25, 2013); *McLaughlin v. IDT Energy*, 14-CV-4107 (ENV) (RML), 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018) (considering counsel's time records docketed under seal). This settled practice permits counsel to submit attorney time records with a level of candor and transparency that would not otherwise be possible without disclosing privileged and/or proprietary business information. As the party seeking attorneys' fees bears the burden of supporting its claim of hours expended with accurate, detailed, and contemporaneous time records, *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015), sealing serves a vital purpose.

For the same reason, courts in other circuits also routinely permit sealing of counsel time records. *See, e.g.*, *In re: Whirlpool Corp. Front–loading Washer Prod. Liab. Litig.*, 08-WP-65000 (CAB), 2016 WL 5338012, at *17 (N.D. Ohio Sept. 23, 2016) (endorsing sealed submission of class counsel's time records and noting that "the only requirement is that these documents must be provided to *the Court* for its own review" (emphasis in original)); *see also id.* at *18 ("Documents supporting attorney fees and expenses are often filed under seal because they obviously include

matters covered by attorney work-product and attorney-client privilege."); *Team Sys. Int'l, LLC v. Haozous*, 706 F. App'x 463, 466 (10th Cir. 2017) (upholding the district court's *in camera* review of the billing statements and time records); *Newton v. Am. Debt Servs., Inc.*, 11-CV-3228 (EMC), 2016 WL 7743686, at *7 (N.D. Cal. Jan. 15, 2016) (granting class counsel's request to file time records under seal); *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 863 F. Supp. 1357, 1362–63 (D. Colo. 1993) ("We have also examined the time records which Class Counsel have submitted under seal. Our independent examination of these records leads us to conclude that Class Counsel efficiently prosecuted this action.").

  For the foregoing reasons, Plaintiffs respectfully request that the Court permit filing of Class Counsel's time records under seal. Defendants do not oppose this request.

  Thank you for the Court's consideration of this request.

               Respectfully submitted,

              /s/ J. Burkett McInturff
               J. Burkett McInturff

               *Counsel for Plaintiffs and the Proposed Class*

cc: All counsel of record *(via ECF)*